[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 70.]

THE STATE EX REL. TUBBS JONES, PROS. ATTY., *v.* SUSTER, JUDGE, ET AL.

[Cite as *State ex rel. Tubbs Jones v. Suster*, 1998-Ohio-275.]

*Writ of prohibition to prevent judge of Court of Common Pleas of Cuyahoga County from conducting further proceedings in suit seeking a determination, pursuant to R.C. 2305.02, that Dr. Samuel Sheppard was innocent of the crime of which he had been convicted and for which he had been wrongfully imprisoned—Writ denied, when.*

(No. 97-1231—Submitted January 13, 1998—Decided December 2, 1998.)

IN PROHIBITION.

———————————

{¶ 1} On December 21, 1954, Dr. Samuel Sheppard, a physician, was convicted of murder in the second degree of his wife, Marilyn Sheppard. He was sentenced to life in prison. After being incarcerated for ten years, Sheppard was granted a new trial in 1964 by a federal district court, which granted a writ of habeas corpus on the basis that Sheppard had not been given a fair trial. *Sheppard v. Maxwell* (S.D.Ohio 1964), 231 F.Supp. 37. The court of appeals reversed (C.A.6, 1965), 346 F.2d 707, but that decision was reversed and a writ of habeas corpus was granted by the United States Supreme Court. *Sheppard v. Maxwell* (1966), 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600. Upon retrial, Sheppard was found not guilty. He was discharged from prison in 1966. Sheppard died in 1970.

{¶ 2} On October 19, 1995, twenty-five years after Sheppard's death, Alan Davis, special administrator of Sheppard's estate, filed in the original criminal case a "Petition for Declaration of Innocence as a Wrongfully Imprisoned Individual" in the Cuyahoga County Court of Common Pleas, Criminal Division, seeking a determination, pursuant to R.C. 2305.02, that Sheppard was innocent and had been wrongfully imprisoned.

**{¶ 3}** After the state argued that a wrongful imprisonment action is a civil matter, Davis filed a second petition for declaration of innocence in the Civil Division of the Cuyahoga County Court of Common Pleas on July 24, 1996.

**{¶ 4}** On August 8, 1996, the state moved to dismiss, alleging that Davis's petition failed to state a claim upon which relief could be granted. Specifically, the state alleged that the petition was barred due to laches, that the statute of limitations had expired, and that Davis lacked standing to file suit on Sheppard's behalf.[1] The trial court denied the motion to dismiss without opinion on January 13, 1997.

**{¶ 5}** On February 28, 1997, the state filed an answer requesting that the petition be dismissed.

**{¶ 6}** On May 7, 1997, the state, pursuant to Civ.R. 12(C), moved for judgment on the pleadings, again arguing that Davis lacked standing under the wrongful imprisonment statute. On June 3, 1997, the trial court denied the motion.

**{¶ 7}** On June 18, 1997, relator, Stephanie Tubbs Jones, Prosecuting Attorney for Cuyahoga County, filed in this court a petition for a writ of prohibition seeking to prohibit the Honorable Ronald Suster and the Court of Common Pleas of Cuyahoga County from conducting further proceedings, claiming that the lower court patently and unambiguously lacked jurisdiction. Relator based her petition for a writ upon grounds similar to those raised by the state in its motion to dismiss for failure to state a claim and its motion for judgment on the pleadings, both of which the lower court had denied.

**{¶ 8}** This cause is now before the court pursuant to an alternative writ.

---

1. The state also claimed that Davis has no claim because an action for wrongful imprisonment is a personal right that does not survive but rather abates upon the death of the individual who allegedly was wrongfully imprisoned. For purposes of this opinion, we collectively refer to relator's standing and abatement arguments as a lack of standing.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, *George J. Sadd* and *Marilyn B. Cassidy*, Assistant Prosecuting Attorneys, for relator.

*Gold, Rotatori & Schwartz Co., L.P.A.*, *Niki Z. Schwartz*, *Richard L. Stoper, Jr.*, and *Jennifer E. Schwartz*, for respondents.

*Friedman & Gilbert* and *Terry H. Gilbert*, urging denial of the writ for *amicus curiae*, Alan Davis, special administrator of the estate of Samuel H. Sheppard.

_____

**LUNDBERG STRATTON, J**.

{¶ 1} The Ohio Revised Code provides a two-step process whereby a person claiming wrongful imprisonment may sue the state of Ohio for damages incurred due to the alleged wrongful imprisonment. *Walden v. State* (1989), 47 Ohio St.3d 47, 49, 547 N.E.2d 962, 964. The first action, in the common pleas court under R.C. 2305.02, seeks a preliminary factual determination of wrongful imprisonment; the second action, in the Court of Claims under R.C. 2743.48, provides for damages.

{¶ 2} Prior to filing suit in the Court of Claims for damages, a petitioner must establish the following: (1) the petitioner was convicted of a felony; (2) the petitioner was sentenced for that conviction; (3) the conviction was vacated, dismissed, or reversed; (4) no further prosecution was attempted or allowed for that conviction or any act associated with that conviction; and (5) the offense of which the petitioner was found guilty was not committed by the petitioner or was not committed at all. R.C. 2305.02, R.C. 2743.48(A). However, a previous finding of *not guilty* is not sufficient to establish *innocence*. The petitioner seeking to establish a claim for wrongful imprisonment must produce more evidence than a judgment of acquittal, which is merely a judicial finding that the state did not prove its case beyond a reasonable doubt. *Ellis v. State* (1992), 64 Ohio St.3d 391, 393,

596 N.E.2d 428, 430. The petitioner carries the burden of proof in affirmatively establishing his or her *innocence* under R.C. 2743.48(A)(5).

**{¶ 3}** If the common pleas court makes such a finding, then the petitioner may file a civil suit for money damages against the state. R.C. 2743.48(B) and (D). The claim must be commenced in the Court of Claims within two years of the common pleas court's determination that the petitioner had been wrongfully incarcerated. R.C. 2743.48(H).

**{¶ 4}** In this case, Davis filed suit in the Cuyahoga County Court of Common Pleas, seeking a declaration by that court that Sheppard was not the person who committed the aggravated murder of his wife, which is the prerequisite to filing a civil suit against the state for money damages. Relator asks us to issue a writ of prohibition to preclude the common pleas court from proceeding on Davis's petition in making a determination as to whether Sheppard was innocent of the murder of his wife because the court patently and unambiguously lacks jurisdiction.

## I. STANDARD FOR WRIT OF PROHIBITION

**{¶ 5}** This court has original jurisdiction to issue a writ of prohibition. Section 2(B)(1)(d), Article IV, Ohio Constitution. However, neither the Constitution nor the General Assembly has defined the parameters of prohibition. *State ex rel. Burtzlaff v. Vickery* (1929), 121 Ohio St. 49, 50, 166 N.E. 894, 895. Drawing from principles of common law, this court has determined that a "writ of prohibition has been defined in general terms as an extraordinary judicial writ issuing out of a court of superior jurisdiction and directed to an inferior tribunal commanding it to cease abusing or usurping judicial functions." *Id.* at 50, 166 N.E. at 895. In other words, the purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction. *State ex rel. Barton v. Butler Cty. Bd. of Elections* (1988), 39 Ohio St.3d 291, 530 N.E.2d 871. As such, a writ of prohibition is an "extraordinary remedy which is customarily granted with

4

caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies." *State ex rel. Henry v. Britt* (1981), 67 Ohio St.2d 71, 73, 21 O.O.3d 45, 47, 424 N.E.2d 297, 298-299; *State ex rel. Barclays Bank PLC v. Hamilton Cty. Court of Common Pleas* (1996), 74 Ohio St.3d 536, 540, 660 N.E.2d 458, 461 ("Prohibition is an extraordinary writ and we do not grant it routinely or easily.").

{¶ 6} In addition, a writ of prohibition "tests and determines 'solely and only' the subject matter jurisdiction" of the lower court. *State ex rel. Eaton Corp. v. Lancaster* (1988), 40 Ohio St.3d 404, 409, 534 N.E.2d 46, 52; *State ex rel. Staton v. Franklin Cty. Common Pleas Court* (1965), 5 Ohio St.2d 17, 21, 34 O.O.2d 10, 13, 213 N.E.2d 164, 167.[2]

{¶ 7} In order for a writ of prohibition to issue, the relator must prove that (1) the lower court is about to exercise judicial authority, (2) the exercise of authority is not authorized by law, and (3) the relator possesses no other adequate remedy in the ordinary course of law if the writ of prohibition is denied. *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 178, 631 N.E.2d 119, 121.

{¶ 8} A court of common pleas is a court of general jurisdiction and possesses the authority to initially determine its own jurisdiction. Prohibition will not lie to prevent an anticipated erroneous judgment. *State ex rel. Heimann v. George* (1976)*,* 45 Ohio St.2d 231, 232, 74 O.O.2d 376, 344 N.E.2d 130, 131. However, we have created a limited exception in cases where there appears to be a total lack of jurisdiction of the lower court to act. Early cases referred to a "total

---

2. There have been cases not involving subject matter jurisdiction where this court has issued a writ of prohibition. In *State ex rel. News Herald v. Ottawa Cty. Court of Common Pleas* (1996), 77 Ohio St.3d 40, 671 N.E.2d 5, the court made an exception in a case that involved a procedural act of the court, the issuing of a gag order. Once the gag order was enforced and a hearing was conducted, relator, News Herald, would have had no adequate remedy at law. In *State ex rel. Connor v. McGough* (1989), 46 Ohio St.3d 188, 546 N.E.2d 407, the court also made an exception where the trial court had subject matter jurisdiction but patently and unambiguously lacked *personal* jurisdiction over the defendant, a resident of Germany.

want of jurisdiction" or to the court's being "without jurisdiction whatsoever to act." *State ex rel. Adams v. Gusweiler* (1972), 30 Ohio St.2d 326, 329, 59 O.O.2d 387, 388, 285 N.E.2d 22, 24, and paragraph two of the syllabus. Later cases defined this exception as a " 'patent and unambiguous' lack of jurisdiction to hear a case." *Ohio Dept. of Adm. Serv., Office of Collective Bargaining v. State Emp. Relations Bd.* (1990), 54 Ohio St.3d 48, 51, 562 N.E.2d 125, 129; *State ex rel. Tollis v. Cuyahoga Cty. Court of Appeals* (1988), 40 Ohio St.3d 145, 148, 532 N.E.2d 727, 729. In such circumstances, a writ of prohibition may issue before a lower court has made a determination of its own jurisdiction, even where an adequate remedy in the ordinary course of the law may exist. *Id.; Ohio Dept. of Adm. Serv., Office of Collective Bargaining v. State Emp. Relations Bd.*, 54 Ohio St.3d at 51-52, 562 N.E.2d at 129.

{¶ 9} Relator would be able to appeal adverse rulings on the issues raised herein and does not contend otherwise. Thus, absent a patent and unambiguous lack of jurisdiction, relator's remedy in the ordinary course of law by postjudgment appeal precludes prohibition. Consequently, in order for a writ of prohibition to issue in this case, we must find that the alleged defects patently and unambiguously deprive the trial court of jurisdiction to hear this case.

{¶ 10} Relator raises two main legal arguments in support of the petition for a writ of prohibition: (1) the statute of limitations has long since expired, and (2) Davis has no standing to bring a wrongful imprisonment action for Sheppard. Relator also argues that public policy prohibits such an action due to the extraordinary passage of time, thirty-two years since Sheppard's discharge from prison. However, although these arguments may have merit, they do not support relator's position that the trial court *patently and unambiguously lacked jurisdiction* and are not sufficient reasons for this court to issue a writ of prohibition.

## II. SUBJECT MATTER JURISDICTION

{¶ 11} R.C. 2305.02 confers exclusive and original subject matter jurisdiction in this case upon a court of common pleas. Subject matter jurisdiction is a court's power to hear and decide a case on the merits. *Morrison v. Steiner* (1972), 32 Ohio St.2d 86, 61 O.O.2d 335, 290 N.E.2d 841, paragraph one of the syllabus. "Jurisdiction does not relate to the *rights of the parties*, but to the *power of the court*." (Emphasis added.) *Executors of Long's Estate v. State* (1926), 21 Ohio App. 412, 415, 153 N.E. 225, 226.

{¶ 12} A jurisdictional defect cannot be waived. *Painesville v. Lake Cty. Budget Comm.* (1978), 56 Ohio St.2d 282, 10 O.O.3d 411, 383 N.E.2d 896. This means that the lack of jurisdiction can be raised at any time, even for the first time on appeal. See *In re Byard* (1996), 74 Ohio St.3d 294, 296, 658 N.E.2d 735, 737. This is because jurisdiction is a condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void. *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941.

### III. STATUTE OF LIMITATIONS

{¶ 13} In contrast, the expiration of the statute of limitations is an affirmative defense that may deprive a litigant of his or her right to recover, but it is not a jurisdictional defect. The statute of limitations is a defense to a matter over which the court *has* subject matter jurisdiction. *Lewis v. Trimble* (1997), 79 Ohio St.3d 231, 680 N.E.2d 1207. A statute of limitations is an affirmative defense that is waived unless pled in a timely manner. *Id.* If it is not so pled, a court with subject matter jurisdiction can proceed with the case. The appellate court in *Collins v. Nurre* (1969), 20 Ohio App.2d 53, 54, 49 O.O.2d 70, 71, 251 N.E.2d 621, 622, put it well:

"The running of a pure statute of limitations does not extinguish the right nor extinguish the jurisdiction of the court over the subject matter but merely bars the remedy which in certain cases is subject to being revived, and subject to being waived."

**{¶ 14}** Consequently, the expiration of a statute of limitations does not deprive a court of jurisdiction. To hold otherwise would elevate the defense of statute of limitations to the status of subject matter jurisdiction. This would mean that the defense of statute of limitations, as well as subject matter jurisdiction, could be asserted at any point in the proceedings. We are unwilling to make this leap.

**{¶ 15}** The facts and circumstances that may establish the expiration of a statute of limitations are for the trial court to examine and determine. If a party believes that the trial court's conclusion is wrong, the avenue of redress is an appeal, not a writ of prohibition.[3]

**{¶ 16}** Our conclusion is consistent with the holdings of this and other courts that the failure to comply with a statute of limitations may not be raised in prohibition. See *State ex rel. Levy v. Savord* (1944), 143 Ohio St. 451, 454, 28 O.O. 379, 380, 55 N.E.2d 735, 736 ("Relator is at liberty to challenge the jurisdiction of the Common Pleas Court in that court upon the very grounds alleged in the petition [which included a claim that a *statute of limitations* barred the common pleas court from proceeding in the underlying action] filed in the Court of Appeals and, if the court first designated should decide against him, the right of appeal exists and may be exercised."); *Tatro v. Langston* (1997), 328 Ark. 548, 552, 944 S.W.2d 118, 120, quoting 63C American Jurisprudence 2d (1997) 40, Prohibition, Section 56 (" '[P]rohibition is not an available remedy if the statute of limitations governing a particular proceeding is not jurisdictional, but may only be raised as an affirmative defense.' "); see, also, *State ex rel. Williams v. Brigano* (1997), 78 Ohio St.3d 413, 414, 678 N.E.2d 568, 569, holding that the speedy trial rule, a criminal equivalent

---

3. In *Hoover v. Sumlin* (1984), 12 Ohio St.3d 1, 12 OBR 1, 465 N.E.2d 377, we held that where a party fails to plead an affirmative defense in a responsive pleading, that party may seek leave to amend the pleading to add a statute of limitations defense. Leave to amend "shall be 'freely given' as justice requires." *Hoover v. Sumlin*, 12 Ohio St.3d at 5, 12 OBR at 5, 465 N.E.2d at 381. Failure to assert the defense may result in waiver. A court may deny leave to amend if an affirmative defense is untimely or filed in bad faith.

of a civil statute of limitations, must be raised on appeal rather than by extraordinary writ.

{¶ 17} Therefore, we hold that the expiration of a statute of limitations is not a jurisdictional defect. It affects the rights of litigants, not the court's power to hear the case. *Long's Estate, supra.* Accordingly, even if the statute of limitations has long since expired in this case, it would not warrant a writ of prohibition because the expiration of a statute of limitations is not a jurisdictional defect. The trial court has jurisdiction to decide whether the statute of limitations should bar this action, and its decision may be reviewed on appeal.

## IV. STANDING

{¶ 18} Relator also contends that the Sheppard estate lacks standing to bring a claim for wrongful incarceration because R.C. 2743.48 applies only to the person who is alleged to have been wrongfully incarcerated and that the statute does not extend the cause of action to representatives, heirs, and assigns of that person. Relator claims that any cause of action for wrongful imprisonment abated with the death of Sheppard, and that without standing to bring a claim, a party fails to satisfy the constitutional requirement of justiciability in order to invoke the jurisdiction of the court. However, respondent Suster contends that standing does not attack a court's jurisdiction. It is an issue that is appealable as error, and cannot be the basis for a writ of prohibition.

{¶ 19} Although a court may have subject matter jurisdiction over an action, if a claim is asserted by one who is not the real party in interest, then the party lacks standing to prosecute the action. The lack of standing may be cured by substituting the proper party so that a court otherwise having subject matter jurisdiction may proceed to adjudicate the matter. Civ.R. 17. Unlike lack of subject matter jurisdiction, other affirmative defenses can be waived. *Houser v. Ohio Historical Soc.* (1980), 62 Ohio St.2d 77, 16 O.O.3d 67, 403 N.E.2d 965. Lack of standing challenges the capacity of a party to bring an action, not the subject matter

jurisdiction of the court. *State ex rel. Smith v. Smith* (1996), 75 Ohio St.3d 418, 420, 662 N.E.2d 366, 369; *State ex rel. LTV Steel Co. v. Gwin* (1992), 64 Ohio St.3d 245, 251, 594 N.E.2d 616, 621.[4]

{¶ 20} R.C. 2305.02 confers subject matter jurisdiction upon the common pleas court in a wrongful imprisonment case. The relator's challenge to jurisdiction on the basis of the estate's lack of standing does not attack the court's subject matter jurisdiction, but rather its power to hear the claim as asserted by this particular party. Standing is a threshold question for the court to decide in order for it to proceed to adjudicate the action. The trial court has discretion to decide whether the estate is a proper party to assert the claim.

{¶ 21} A trial court's decision on the issue of standing is properly challenged in a postjudgment appeal rather than via extraordinary writ. *State ex rel. Smith v. Smith*, 75 Ohio St.3d at 420, 662 N.E.2d at 369; *State ex rel. LTV Steel*, 64 Ohio St.3d at 251, 594 N.E.2d at 621. Therefore, we need not reach the legal issues of abatement or survival. We find that the trial court did not lack jurisdiction over this action based upon the estate's standing to bring an action under R.C. 2305.02.

V. WRIT OF PROHIBITION NOT A SUBSTITUTE FOR AN APPEAL

{¶ 22} A writ of prohibition is not a substitute for an appeal. *State ex rel. Crebs v. Wayne Cty. Court of Common Pleas* (1974), 38 Ohio St.2d 51, 52, 67 O.O.2d 61, 309 N.E.2d 926, 927; *State ex rel. Winnefeld v. Butler Cty. Court of*

---

4. The term "jurisdiction" has different meanings depending upon the context in which it is used and the subject matter to which it is directed. *Garverick v. Hoffman* (1970), 23 Ohio St.2d 74, 78-79, 52 O.O.2d 371, 373, 262 N.E.2d 695, 698-699. We have held standing to be jurisdictional only in limited cases involving administrative appeals, where parties must meet strict standing requirements in order to satisfy the threshold requirement for the administrative tribunal to obtain jurisdiction. See *Buckeye Foods v. Cuyahoga Cty. Bd. of Revision* (1997), 78 Ohio St.3d 459, 678 N.E.2d 917; *New Boston Coke Corp. v. Tyler* (1987), 32 Ohio St.3d 216, 218, 513 N.E.2d 302, 305. In these cases, the issue of the party's standing was raised and handled by way of direct appeal, not by a writ of prohibition.

*Common Pleas* (1953), 159 Ohio St. 225, 50 O.O. 263, 112 N.E.2d 27.  Nor is it a remedy for abuse of discretion.  *Eaton Corp.,* 40 Ohio St.3d at 409, 534 N.E.2d at 52.

{¶ 23} However, relator argues that the trial court erred in its legal conclusions as to the statute of limitations, abatement, and standing defenses and that these defenses are so clear, and the lapse of time so great, that this court should grant a writ of prohibition instead of forcing the state through the appeals process. In other words, relator contends that the defenses are so beyond dispute because of the passage of time that the court patently and unambiguously lacks jurisdiction to continue the case.

{¶ 24} However, what relator really argues is that the court either abused its discretion or erred as a matter of law in refusing to dismiss the case.  But accepting this argument, while tempting on its face, would create an uncertain standard.  At what point would a statute of limitations defense become so obvious as to rise to the level of patent and unambiguous?  Five years? Ten years?  Would we accept on mandamus every claim of lack of standing or the running of a statute of limitations?

{¶ 25} We decline to accept relator's argument because it would start us down a slippery slope.  More importantly, such a determination would unjustifiably elevate the defenses of the statute of limitations, standing, and abatement to the level of jurisdictional defects.  This would contravene well-settled legal principles that differentiate between subject matter jurisdiction and other affirmative defenses. Subject matter jurisdiction may be raised at any time because a court that lacks subject matter jurisdiction lacks the power to hear the case.  Other affirmative defenses, on the other hand, must be timely raised and pleaded or otherwise are waived.  The detrimental effect of unjustifiably elevating affirmative defenses to the level of subject matter jurisdiction is evident.  Affirmative defenses would no longer have to be pled in a timely manner.  Being jurisdictional, they could be raised

at any time. This would be disruptive to litigation because it would allow unfair surprise and promote delay. We reaffirm our statement in *Barton:*

" '[A writ of prohibition] is not an appropriate remedy for the correction of errors, and does not lie to prevent an erroneous decision in a case which the court is authorized to adjudicate.'

" * * * Therefore, prohibition is not an appropriate remedy to correct alleged errors or prevent an allegedly erroneous decision stemming from such a review." *Barton*, 39 Ohio St.3d at 292, 530 N.E.2d at 873, quoting *Kelley v. State ex rel. Gellner* (1916), 94 Ohio St. 331, 114 N.E. 255, paragraph three of the syllabus.

## VI. PUBLIC POLICY

{¶ 26} Relator argues that public policy requires dismissal of the wrongful imprisonment case because defending the case will be costly and time-consuming for the state because witnesses have died and evidence has become stale. However, both parties are affected by passage of time. The Marilyn Sheppard murder case remains open. No other person has been charged with the crime. The state remains obligated to preserve any testimony or evidence for any future prosecution, as there is no statute of limitations on murder. In fact, in 1992, the Bay Village, Ohio Police Department opposed a Public Records Act request on the basis that the case remains open.

{¶ 27} Relator's policy arguments do not merit this court's finding that the passage of time alone warrants the issuance of a writ of prohibition. "The fact that postjudgment appeal may be time-consuming and expensive to pursue does not render appeal inadequate so as to justify extraordinary relief." *Fraiberg v. Cuyahoga Cty. Court of Common Pleas, Domestic Relations Div.* (1996), 76 Ohio St.3d 374, 379, 667 N.E.2d 1189, 1194.

{¶ 28} We also note that relator filed her petition for a writ of prohibition after the trial court's denial of relator's motion to dismiss under Civ.R. 12(B). However, as respondents point out, a motion to dismiss is very preliminary and

rests only on the pleadings themselves. Once discovery has been concluded, many of the issues addressed by the state may be more appropriately raised in a summary judgment motion after evidence has been gathered.

{¶ 29} Therefore, we find that the public policy issues advanced by relator are insufficient to lead us to grant a writ of prohibition on that basis alone.

## VII. CONCLUSION

{¶ 30} The issues raised by relator, lack of standing and expiration of the statute of limitations, are ones properly addressed by the trial court or upon appeal, not by way of a writ of prohibition. The passage of time does not deprive the trial court of subject matter jurisdiction. We find, therefore, that the trial court does not patently and unambiguously lack jurisdiction to hear this case.

*Writ denied.*

MOYER, C.J., and KNEPPER, J., concur.

COOK, J., concurs in the judgment and opinion, except for Parts IV and V.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent.

RICHARD W. KNEPPER, J., of the Sixth Appellate District, sitting for PFEIFER, J.

––––––––––––––––––

**DOUGLAS, J., dissenting.**

{¶ 31} I dissent from the judgment and opinion of the majority. The majority has determined that the Cuyahoga County Court of Common Pleas has jurisdiction to determine whether Davis, the administrator of Sheppard's estate, may pursue a wrongful imprisonment claim against the state. Thus, the majority concludes that the requested writ of prohibition must be denied. However, in reaching this conclusion, I believe, the majority has based its judgment on something other than the law. It has been over three decades since Sheppard was released from prison and almost three decades since his death. Those facts alone support a finding that the wrongful imprisonment action filed by Davis is time-

barred and unlawful. See, generally, R.C. 2305.07. In any event, and notwithstanding the dilatory aspects of the claim, R.C. 2305.02 and 2743.48 establish that Davis does not have standing to maintain such an action and that the trial court's authority to hear the claim is unequivocally denied by law. Accordingly, the writ of prohibition should be granted.

{¶ 32} With respect to the issuance of a writ of prohibition, the general rule is that "courts of general jurisdiction have authority to determine their own jurisdiction, that appeal is an adequate remedy, and, in any case, prohibition is not an appropriate remedy to correct errors made by the court." *Ohio Dept. of Adm. Serv., Office of Collective Bargaining v. State Emp. Relations Bd.* (1990), 54 Ohio St.3d 48, 51, 562 N.E.2d 125, 128-129. The majority, however, has failed to properly recognize the import of this rule, giving it an improperly strict and anointed application. To the contrary, this rule is a *general* rule that may or may not be relevant to the case. In fact, it is not absolute, and it has been found to be irrelevant in numerous cases considered by this court. See, *e.g.*, *State ex rel. Adams v. Gusweiler* (1972), 30 Ohio St.2d 326, 329, 59 O.O.2d 387, 388, 285 N.E.2d 22, 24 ("If an inferior court is without jurisdiction whatsoever to act, the availability or adequacy of a remedy of appeal to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by the inferior court."); and *Ohio Dept. of Adm. Serv., Office of Collective Bargaining,* syllabus ("When a court patently and unambiguously lacks jurisdiction to consider a matter, a writ of prohibition will issue to prevent assumption of jurisdiction regardless of whether the lower court has ruled on the question of its jurisdiction."). See, also, *State ex rel. Tollis v. Cuyahoga Cty. Court of Appeals* (1988), 40 Ohio St.3d 145, 148, 532 N.E.2d 727, 729; and *State ex rel. Lewis v. Warren Cty. Court of Common Pleas* (1990), 52 Ohio St.3d 249, 556 N.E.2d 1184 (writ of prohibition may properly issue to prevent a court of common pleas from taking jurisdiction before the court rules on its own jurisdiction). Here,

given the clear requirements of R.C. 2305.02 and 2743.48, the court of common pleas is "without jurisdiction whatsoever to act," *Gusweiler*, and the restriction on the court's jurisdiction to hear Davis's claim is both "patent and unambiguous," *Ohio Dept. of Adm. Serv., Office of Collective Bargaining.*

**{¶ 33}** R.C. 2305.02 states that "[a] court of common pleas has exclusive, original jurisdiction to hear and determine an action or proceeding that is commenced by *an individual* who satisfies divisions (A)(1) to (4) of section 2743.48 of the Revised Code and that seeks a determination by the court that the offense of which he was found guilty, including all lesser-included offenses, either was not committed by him or was not committed by any person." (Emphasis added.) R.C. 2743.48(A) defines a "wrongfully imprisoned person" as *an individual* that satisfies the following:

"(1) *He* was charged with a violation of a section of the Revised Code by an indictment or information prior to, or on or after, September 24, 1986, and the violation charged was an aggravated felony or felony.

"(2) *He* was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which he was found guilty was an aggravated felony or felony.

"(3) *He* was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which he was found guilty.

"(4) *The individual's* conviction was vacated or dismissed, or reversed on appeal  * * *.

"(5) Subsequent to his sentencing and during or subsequent to his imprisonment, it was determined by a court of common pleas that the offense of which he was found guilty  * * * either was not committed by him or was not committed by any person." (Emphasis added.)

**{¶ 34}** Relator contends that Judge Suster and the common pleas court patently and unambiguously lack jurisdiction over the wrongful imprisonment

action because only *the individual* who had been wrongfully imprisoned is permitted to bring such an action against the state. I agree. Relator's contention is supported by law. Specifically, R.C. 2305.02 states that a court of common pleas has exclusive and original jurisdiction to hear an individual's wrongful imprisonment claim if *the individual* satisfies the requirements of R.C. 2743.48(A)(1) through (4). There is absolutely nothing within either R.C. 2305.02 or 2743.48 that even remotely suggests that the administrator of an estate is free to bring a claim under R.C. 2305.02. Equally persuasive is the fact that there is nothing within the section of the Revised Code governing survival of actions, R.C. 2305.21, that specifically supports a finding that a cause of action for wrongful imprisonment survives the death of the individual who had been wrongfully imprisoned. Clearly, Davis does not have the requisite standing to commence an action for wrongful imprisonment.

{¶ 35} Today's majority opinion has established a dangerous precedent because, according to the majority, a cause of action for wrongful imprisonment can remain subject to adjudication by a court of common pleas for an indefinite period of time. In fact, given the findings of the majority, the claim at issue here could have been commenced in the trial court well into the next millennium or beyond! The General Assembly, however, obviously foresaw the possibility of such a problem and did not intend such a result. Unfortunately, and for whatever reason, the majority has elected to sidestep the patent and unambiguous requirements of R.C. 2305.02 and 2743.48.

{¶ 36} Relator has satisfied all the prerequisites for the issuance of a writ of prohibition. The finding of the majority that any errors committed by the trial court can be challenged in a postjudgment appeal is simply irrelevant. See *Ohio Dept. of Adm. Serv., Office of Collective Bargaining*, 54 Ohio St.3d at 51, 562 N.E.2d at 129. Here, the trial court patently and unambiguously lacks jurisdiction to entertain the wrongful imprisonment action.

{¶ 37} Accordingly, I must dissent. I would grant the writ and dismiss the wrongful imprisonment action.

RESNICK and F.E. SWEENEY, JJ., concur in the foregoing dissenting opinion.

_____