[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 310.]

THE STATE EX REL. WEHRUNG, APPELLANT, *v*. DINKELACKER, JUDGE, APPELLEE.

[Cite as *State ex rel. Wehrung v. Dinkelacker*, 2001-Ohio-192.]

*Courts—Jurisdiction—Criminal law—Court of appeals' judgment affirmed.*

(No. 00-1829—Submitted May 15, 2001—Decided July 18, 2001.)

APPEAL from the Court of Appeals for Hamilton County, No. C-000449.

_____

{¶ 1} The judgment of the court of appeals is affirmed consistent with the opinion of the court of appeals.

MOYER, C.J., DOUGLAS, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

RESNICK and PFEIFER, JJ., dissent.

_____

**PFEIFER, J., dissenting.**

{¶ 2} In 1963, when he was fifteen years old, Michael Wehrung allegedly committed a murder. Had he been indicted in 1963, he could have been tried by the juvenile court or bound over to the appropriate court of common pleas to be tried there as an adult. Wehrung was not indicted until May 2, 2000. At that time, based on a change in the law that was passed in 1996, Wehrung was indicted subject to the jurisdiction of the court of common pleas. R.C. 2151.23(I). (See 146 Ohio Laws, Part II, 1, 2051, 2054, effective March 31, 1997.)

{¶ 3} Wehrung's motion to transfer the case to juvenile court was denied. He thereafter filed a writ of prohibition, seeking to prevent the court of common pleas from exercising jurisdiction that it patently and unambiguously lacked. See *State ex rel. Tubbs Jones v. Suster* (1998), 84 Ohio St.3d 70, 701 N.E.2d 1002. The court of appeals dismissed the petition for a writ of prohibition.

**{¶ 4}** Wehrung appealed to this court. Today, this court holds that the court of common pleas does not patently and unambiguously lack jurisdiction. I dissent because the statute upon which the majority relies does not contain a provision enabling it to be applied retroactively to an offense that occurred prior to the enactment of the statute. See Section 28, Article II of the Ohio Constitution (the General Assembly shall have no power to pass retroactive laws).

**{¶ 5}** Unfortunately, what is likely to happen is that the court of common pleas will proceed to trial. Assuming Wehrung is convicted, he will appeal, as is his right, asserting that the court of common pleas lacked jurisdiction. At that time, an appellate court will be asked to determine whether the court of common pleas had jurisdiction, which is a lesser standard than now determining whether the court of common pleas patently and unambiguously lacks jurisdiction. It is likely that the appellate court would find that the court of common pleas did not have jurisdiction and order a new trial. Not only would Wehrung be prejudiced by having to face trial under the cloud of a previous conviction, but the already-strained judicial resources of this state would have to conduct a second trial.

**{¶ 6}** This court should determine that the court of common pleas patently and unambiguously lacks jurisdiction, because the only authority the lower court can point to in asserting jurisdiction is a statute that must be applied retroactively (and therefore unconstitutionally) thirty-eight years into the past.

**{¶ 7}** This case should be transferred to juvenile court. Once there, the judge should determine whether Wehrung should be bound over. Depending on the bindover decision, a trial before a court with jurisdiction, whether the juvenile court or the court of common pleas is irrelevant to the issue before us, would take place. In that situation, there would be only one trial, thereby conserving judicial resources and affording Wehrung the fair trial to which he is constitutionally entitled.

RESNICK, J., concurs in the foregoing dissenting opinion.

_____

*Thompson, Hine & Flory, L.L.P.,* and *Earle Jay Maiman;* and *James N. Perry*, for appellant.

*Michael K. Allen*, Hamilton County Prosecuting Attorney, *Carl J. Stich, Jr.,* First Assistant Prosecuting Attorney, and *Christian J. Schaefer*, Assistant Prosecuting Attorney, for appellee.

_____