[Cite as *State ex rel. Jones v. Paschke*, 2021-Ohio-2889.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

STATE OF OHIO ex rel.
JEREMY J. JONES,

        Relator,

    - v -

THE HONORABLE
JUDGE CAROLYN J. PASCHKE,

        Respondent.

CASE NO. 2021-G-0013

Original Action for
Writ of Prohibition

---

### PER CURIAM
### OPINION

Decided: August 23, 2021
Judgment: Petition dismissed

---

*Joseph G. Stafford* and *Nicole A. Cruz*, Stafford Law Co., LPA, 55 Erieview Plaza, 5th Floor, Cleveland, OH 44114 (For Relator).

*James R. Flaiz,* Geauga County Prosecutor, and *Linda M. Applebaum*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Chardon, OH 44024 (For Respondent).

PER CURIAM.

{¶1} Relator, Jeremy J. Jones ("Mr. Jones"), filed a verified petition for writ of prohibition against respondent, the Honorable Judge Carolyn J. Paschke ("Judge Paschke"), to prevent Judge Paschke from exceeding her jurisdiction in the matter of *Molly A. Jones v. Jeremy J. Jones* in the Geauga County Court of Common Pleas by

"improperly rubber stamping the decisions and orders of Magistrate Kevin L. Starrett and authorizing the repeated violations of Civil Rule 53."

{¶2}   Judge Paschke moved to dismiss Mr. Jones's petition pursuant to Civ.R. 12(B)(6).  Mr. Jones filed a brief in opposition, and Judge Paschke filed a reply brief.

{¶3}   We find that Mr. Jones has an adequate remedy at law by way of direct appeal and grant Judge Paschke's motion to dismiss.

## Factual and Procedural History

{¶4}   In his petition, Mr. Jones alleges that he is the defendant in the divorce proceedings known as *Molly A. Jones v. Jeremy J. Jones*, which are currently pending before Judge Paschke in Geauga County Court of Common Pleas case no. 19-DC-000752.

{¶5}   From September 19, 2019, to January 1, 2021, Magistrate Bruce C. Smalheer ("Magistrate Smalheer") conducted all hearings, ruled upon the parties' motions, and issued interim orders.  In January 2021, Magistrate Smalheer retired, and Magistrate Kevin L. Starrett ("Magistrate Starrett") began issuing orders and conducting hearings in the proceedings.  According to Mr. Jones, Judge Paschke did not issue a judgment entry assigning the case to Magistrate Starrett pursuant to Civ.R. 53.

{¶6}   Mr. Jones further alleges that Judge Paschke has disregarded and continues to disregard "the procedures and mandates of Civ.R. 53" by "rubber stamping" Magistrate Starrett's rulings and by authorizing him to execute judgment entries.  Specifically, Mr. Jones cites four allegedly improper judgment entries:  three judgment entries that were executed by both Judge Paschke and Magistrate Starrett, including one

2

relating to a telephone pretrial conference in which Judge Paschke did not personally participate, and one judgment entry executed solely by Magistrate Starrett.

{¶7} Mr. Jones requests a writ of prohibition "directing and restraining" Judge Paschke from "rubber stamping" Magistrate Starrett's rulings and issuing judgment entries in violation of Civ.R. 53.

{¶8} Judge Paschke filed a motion to dismiss and memorandum in support. She disputes Mr. Jones's allegations that she improperly "rubber stamped" orders and contends that Mr. Jones has an adequate remedy at law through appeal.

{¶9} Mr. Jones filed a brief in opposition to Judge Paschke's motion to dismiss. He contends that he does not have an adequate remedy at law because the orders at issue are not final, appealable orders over which this court has jurisdiction. He further contends that an appeal following a final adjudication on the merits is not an adequate remedy when Judge Paschke, as "the elected official assigned to his divorce proceedings," has "abdicated her role as the ultimate fact finder" in favor of Magistrate Starrett.

**Standard of Review**

{¶10} Dismissal of a petition pursuant to Civ.R. 12(B)(6) for failure to state a viable claim is warranted "when the nature of the relator's allegations are such that, even if those allegations are construed in a manner most favorable to the relator, they are still insufficient to demonstrate that he will be able to prove a set of facts under which he would be entitled to the writ." *Hamilton v. Collins*, 11th Dist. Lake No. 2003-L-106, 2003-Ohio-5703, ¶ 6.

Case No. 2021-G-0013

## Legal Standards

{¶11}  A writ of prohibition is an extraordinary judicial writ issuing out of a court of superior jurisdiction and directed to an inferior tribunal commanding it to cease abusing or usurping judicial functions.  *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 73, 701 N.E.2d 1002 (1998).  The purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction.  *Id.*  As such, it is an extraordinary remedy which is customarily granted with caution and restraint and is issued only in cases of necessity arising from the inadequacy of other remedies.  *Id.*

{¶12}  To be entitled to a writ of prohibition, a relator must establish that (1) the respondent is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law.  *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18.

{¶13}  The last two elements can be met by a showing that the trial court "patently and unambiguously" lacked jurisdiction.  *Chesapeake Exploration, L.L.C. v. Oil & Gas Comm.*, 135 Ohio St.3d 204, 2013-Ohio-224, 985 N.E.2d 480, ¶ 11.  "Where an inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie both to prevent the future unauthorized exercise of jurisdiction and to correct the results of previous jurisdictionally unauthorized actions."  *State ex rel. Stern v. Mascio*, 81 Ohio St.3d 297, 298-299, 691 N.E.2d 253 (1998).

Case No. 2021-G-0013

## Law and Analysis

{¶14} A review of Mr. Jones's petition demonstrates he cannot establish that Judge Paschke "patently and unambiguously" lacks jurisdiction or that he lacks an adequate remedy at law.

{¶15} Mr. Jones does not allege in his petition that Judge Paschke lacks subject matter jurisdiction over his divorce proceedings, much less that she "patently and unambiguously" lacks jurisdiction. Rather, Mr. Jones contends that Judge Paschke's "conduct" is "outside of the jurisdiction conferred by Civ.R. 53."

{¶16} In essence, Mr. Jones is challenging Judge Paschke's *exercise* of her subject matter jurisdiction. *See State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 26. The Supreme Court of Ohio has recognized "a distinction between a court that lacks subject-matter jurisdiction over a case and a court that improperly exercises that subject-matter jurisdiction once conferred upon it." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 10.

{¶17} In addition, the cases Mr. Jones cites in support of his petition undermine his request for extraordinary relief.

{¶18} In *State ex rel. Lesher v. Kainrad*, 65 Ohio St.2d 68, 417 N.E.2d 1382 (1981), the appellant filed actions in mandamus and prohibition against the trial judge and referee for their alleged failure to comply with Civ.R. 53. *Id.* at 68-69. The Supreme Court of Ohio affirmed this court's dismissal, holding that the "failure * * * to comply with Civ.R. 53 renders the resulting judgment *voidable, and not void*." (Emphasis added.) *Id.* at 71.

{¶19} The other cases Mr. Jones cites involved direct appeals rather than requests for extraordinary writs. *See Davis v. Davis*, 6th Dist. Wood No. WD-06-011,

5

2006-Ohio-3384; *In re Vitantonio*, 11th Dist. Ashtabula No. 91-A-1683, 1993 WL 407287 (Sept. 30, 1993); *Haag v. Hagg*, 9 Ohio App.3d 169, 458 N.E.2d 1297 (8th Dist.1983); *Staggs v. Staggs*, 9 Ohio App.3d 109, 458 N.E.2d 904 (8th Dist.1983). *See also State ex rel. Banc One Corp. v. Walker*, 86 Ohio St.3d 169, 172, 712 N.E.2d 742 (1999) ("Significantly, most of the authorities relied on by appellants were resolved by appeal rather than by extraordinary writ").

{¶20} This matter is similar to the Supreme Court of Ohio's decision in *State ex rel. Nalls v. Russo*, 96 Ohio St.3d 410, 2002-Ohio-4907, 775 N.E.2d 522. In that case, the relator sought a writ of prohibition to stop the enforcement of an adjudication of dependency. *Id.* at ¶ 13. The relator alleged, among other things, that the order referring the case to the magistrate was improper and that the magistrate did not file a separate decision before the trial judge issued a ruling. *Id.* at ¶ 17. The Supreme Court of Ohio affirmed the appellate court's denial of the writ, finding that the trial judge and magistrate had "basic jurisdiction over the abuse and dependency proceeding" and that "[p]rohibition will not issue as a substitute for appeal to review mere errors in judgment." *Id.* at ¶ 28.

{¶21} As the court has explained, "appeal, not mandamus or prohibition, is the remedy for the correction of errors." *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 109, 637 N.E.2d 319 (1994). Therefore, "'[e]xtraordinary remedies, i.e., mandamus [and] prohibition[,] * * * may not be employed before trial on the merits, as a substitute for an appeal for the purpose of reviewing mere errors, or irregularities in the proceedings of a court having proper jurisdiction * * *.'" *Id.*, quoting *State ex rel. Woodbury v. Spitler*, 34 Ohio St.2d 134, 137, 296 N.E.2d 526 (1973).

6

Case No. 2021-G-0013

{¶22} Similarly, this court has held that "the failure to comply with Civ.R. 53 will permit an appellate court to reverse the judgment of the trial court in situations where there was a deviation from the rule and the deviation prejudiced the appellant." *In re Bortmas*, 11th Dist. Trumbull No. 98-T-0147, 1999 WL 959842, *2 (Oct. 15, 1999). In other words, "[t]he failure to comply with Civ.R. 53 constitutes grounds upon which the appellate court may reverse the judgment of the trial court." *Erb v. Erb*, 65 Ohio App.3d 507, 510, 584 N.E.2d 807 (9th Dist.1989).

{¶23} Although the judgment entries at issue do not appear to be final judgments subject to immediate appeal, Mr. Jones may challenge them on appeal following Judge Paschke's issuance of a final judgment. This court has held that an appeal from the judgment concluding the case is an adequate legal remedy barring issuance of a writ of prohibition. *State ex rel. Welt v. Doherty*, 11th Dist. Portage No. 2020-P-0018, 2020-Ohio-6684, ¶ 21.

{¶24} Mr. Jones contends that a final adjudication on the merits is not an adequate remedy "when the elected official assigned to his divorce proceedings * * * has abdicated her role as the ultimate fact finder to the trial court Magistrate in violation of Civ.R. 53." However, this is a legal assertion, not a factual allegation, and Mr. Jones cites no authority in support of this proposed distinction.

{¶25} Accordingly, Mr. Jones can prove no set of facts establishing that Judge Paschke "patently and unambiguously" lacks jurisdiction or that he lacks an adequate remedy at law.

{¶26} For the foregoing reasons, Judge Paschke's motion to dismiss is granted.

MARY JANE TRAPP, P.J., CYNTHIA WESTCOTT RICE, J., MATT LYNCH, J., concur.

Case No. 2021-G-0013