[Cite as *State ex rel. Cunningham v. Pittman*, 2023-Ohio-4094.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel.<br>PAUL CUNNINGHAM, et al.,<br><br>Relators,<br><br>- vs -<br><br>THE HONORABLE LAURIE J. PITTMAN,<br><br>Respondent. | CASE NO. 2023-P-0060<br><br>Original Action for Writ of Prohibition |

## P E R   C U R I A M
## O P I N I O N

Decided: November 13, 2023
Judgment: Petition dismissed

*Jeff R. Laybourne, Donald J. Malarcik*, and *Daniel D. Eisenbrei*, Malarcik, Pierce, Munyer & Will, 121 South Main Street, Suite 520, Akron, OH 44308 (For Relators).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent).

PER CURIAM.

{¶1} On August 10, 2023, relators, Paul, Nancy, and Erik Cunningham, commenced this original action by filing a "Complaint for Writ of Prohibition" against Respondent, the Honorable Laurie J. Pittman.

{¶2} The complaint alleged that the trial court scheduled a jury trial in Erik Cunningham's criminal case in the Portage County Court of Common Pleas, case number 2019CR00022. Relators argued that respondent was without jurisdiction to schedule trial

because Paul and Nancy had appealed to this Court after the respondent denied their motion to intervene in the criminal case.

{¶3}　At the time of relators' filing, Paul and Nancy Cunningham's appeal was still pending. However, on September 18, 2023, this Court issued an opinion dismissing Paul and Nancy Cunningham's appeal in *State v. Cunningham*, 11th Dist. Portage No. 2021-P-0049, 2023-Ohio-3300. Over dissent, that opinion held that Paul and Nancy Cunninham's cell phone data "remains under seal and is thus protected from publication. No one, outside of those who have already viewed the data pursuant to the search warrant, is permitted to know what is on the Cunninghams' phones. Those few who have reviewed the data cannot disclose the information to anyone—not even to the prosecutor—without an additional court order. This change in circumstances creates an issue of ripeness." *Id.* at ¶ 14. Thus, the majority held that Paul and Nancy Cunningham's motion to intervene was not ripe because the State's access to the data was a contingent event that may never occur. *Id.* at ¶ 16.

{¶4}　On September 22, 2023, we ordered relators to show cause as to why their complaint for writ of prohibition was not moot due to the release of our opinion. Relators filed their responses to this Court's show cause order and also filed a motion to stay all trial court proceedings. Relators argue that Paul and Nancy's cell phone data will be unsealed upon the resolution of the underlying criminal case. Respondent opposed these motions and relators replied.

{¶5}　On September 27, 2023, Paul and Nancy Cunningham filed an Application for Reconsideration of this Court's September 18 opinion dismissing their appeal.

**{¶6}** On October 26, 2023, this Court denied Paul and Nancy Cunningham's Application for Reconsideration, again over dissent.

## Law and Analysis

**{¶7}** Sua sponte dismissal of a complaint for writ of prohibition is warranted if the complaint is frivolous or the relator obviously cannot prevail on the facts alleged in the complaint. *State ex rel. Jones v. Garfield Hts. Mun. Court*, 77 Ohio St.3d 447, 448, 674 N.E.2d 1381 (1997).

**{¶8}** "A writ of prohibition is an extraordinary judicial writ issuing out of a court of superior jurisdiction and directed to an inferior tribunal commanding it to cease abusing or usurping judicial functions." *State ex rel. Jones v. Paschke*, 11th Dist. Geauga No. 2021-G-0013, 2021-Ohio-2889, ¶ 11, citing *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 73, 701 N.E.2d 1002 (1998). "The purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction." *Id.* A writ of prohibition is an extraordinary remedy and therefore to be granted with caution and restraint and only in cases of necessity arising from the inadequacy of other remedies. *Id.*

**{¶9}** To be entitled to a writ of prohibition, a relator must establish that (1) the respondent is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18.

**{¶10}** When relators filed this writ of prohibition, this Court had not yet released its opinion dismissing Paul and Nancy Cunningham's appeal as unripe. However, that

3

opinion has now been released and reconsideration denied. The trial court's scheduling of a trial date does not alter the clear holding in that case that the State's access to the data was a contingent event that may never occur.

{¶11} Further, relators' argument that Paul and Nancy's cell phone data will be released upon the conclusion of Erik's criminal case is unavailing. The trial has not yet started and there is no indication that respondent has exercised or is about to exercise judicial power to release the cell phone data.

{¶12} Accordingly, relators' "Complaint for Writ of Prohibition" is dismissed. Any pending motions are hereby overruled as moot.

JOHN J. EKLUND, P.J., MARY JANE TRAPP, J., EUGENE A. LUCCI, J., concur.