[Cite as *State ex rel. Shepherd v. Ashtabula Cty. Court of Common Pleas*, 2024-Ohio-2866.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO ex rel.
ORLANDO SHEPHERD,

　　　　　Relator,

　　- vs -

THE COURT OF COMMON PLEAS
ASHTABULA COUNTY, OHIO, et al.,

　　　　　Respondents.

CASE NO. 2024-A-0043

Original Action for Writs of Prohibition and Mandamus

## P E R　C U R I A M
## O P I N I O N

Decided: July 29, 2024
Judgment: Complaint dismissed

*Orlando Shepherd*, pro se, PID# A292-250, Richland Correctional Institution, 1001 Olivesburg Road, P.O. Box 8107, Mansfield, OH 44901 (Relator).

*Colleen M. O'Toole*, Ashtabula County Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Respondents).

PER CURIAM.

{¶1}　Pending before this court is relator, Orlando Shepherd's, May 10, 2024 Complaint for Writs of Prohibition and Mandamus. No response was filed by the respondents, the Court of Common Pleas of Ashtabula County and the Honorable Ronald W. Vettel.

{¶2}　According to Shepherd's Complaint, he entered a no contest plea to Felonious Assault in February 2003 in Ashtabula Common Pleas Case No. 2002 CR

00040 and was sentenced to a six-year term of imprisonment, consecutive to a sentence he was already serving. His Complaint argues that the lower court erred in failing to dismiss the indictment in 2003 due to speedy trial violations. Shepherd contends that because his speedy trial rights were violated, it was improper to accept a plea, enter a conviction, and sentence him to a prison term and that "a writ of prohibition and mandamus must issue to correct the judgment that the court never had power to enter."

{¶3} "A writ of prohibition is an extraordinary judicial writ . . . directed to an inferior tribunal commanding it to cease abusing or usurping judicial functions" and is used to "restrain inferior courts . . . from exceeding their jurisdiction." *State ex rel. Jones v. Paschke*, 2021-Ohio-2889, ¶ 11 (11th Dist.), citing *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998). "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. "To demonstrate entitlement to a writ of mandamus, [the relator] must establish: (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the trial court to grant that relief, and (3) the lack of an adequate remedy in the ordinary course of law." *State ex rel. Cherry v. Breaux*, 2022-Ohio-1885, ¶ 8.

{¶4} It has been held that courts have "the authority to sua sponte dismiss an original action claim 'when . . . the claimant obviously cannot prevail on the facts alleged in the complaint.'" (Citation omitted.) *State ex rel. Allenbaugh v. Sezon*, 2022-Ohio-1718, ¶ 6 (11th Dist.) citing *State ex rel. Williams v. Trim*, 2015-Ohio-3372, ¶ 11; *State ex rel. Cunningham v. Pittman*, 2023-Ohio-4094, ¶ 7 (11th Dist.) ("[s]ua sponte dismissal of a complaint for writ of prohibition is warranted if the complaint is frivolous or the relator

2

obviously cannot prevail on the facts alleged in the complaint").

{¶5} As an initial matter, we observe that Shepherd named former Judge Ronald Vettel, who was the judge at the time of Shepherd's plea and sentence in 2003, as one of the respondents. Pursuant to a notation on the docket in this matter, service was "refused by the court administrator's office" since "Judge Vettel is no longer a judge here." The Ohio Supreme Court has held that where a relator files an original action naming a former trial judge who no longer sits on that court, the petition is "fatally defective" and shall be dismissed. *State ex rel. Adams v. Winkler*, 2022-Ohio-271, ¶ 11 (the court of appeals "correctly dismissed" a complaint for a writ of mandamus due to the "failure to name a proper respondent" when the former trial judge was named as respondent); *State ex rel. Johnson v. Jensen*, 2014-Ohio-3159, ¶ 5-6 (where the judge left the court of common pleas before the petition for writ of procedendo was filed, he could not "perform the act requested in the complaint" and the petition "must be dismissed"). Thus, relief cannot be granted under the complaint against former Judge Vettel.

{¶6} The complaint also seeks relief against the Ashtabula County Court of Common Pleas. It has been consistently held that a "court is not sui juris and may not be sued in its own right." *State ex rel. Andrews v. Lake Cty. Court of Common Pleas*, 2022-Ohio-4189, ¶ 1, fn. 1; *Page v. Geauga Cty. Probate and Juvenile Court*, 2023-Ohio-2491, ¶ 3. Thus, it is not properly named as a party in an original action. *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2021-Ohio-2374, ¶ 26 ("a court of common pleas is not a proper respondent in a mandamus action"); *Klein's Pharmacy & Orthopedic Appliances, Inc. v Summit Cty. Court of Common Pleas*, 2024-Ohio-1307 (request for writ of prohibition was dismissed against the court of common pleas since it is not sui juris);

3

*Andrews* at ¶ 1, fn. 1. Sua sponte dismissal of an original action is appropriate where the party sued is not sui juris. *Smith v. Akron Municipal Court*, 2021-Ohio-1388, ¶ 9, 13 (9th Dist.).

{¶7} We further observe that Shepherd's request for relief is related to various claims that he was improperly denied the right to a speedy trial. It has been held that "speedy-trial claims are not cognizable in a prohibition action or any other extraordinary-writ proceeding" since they can be raised on direct appeal. *State ex rel. Justice v. Ohio*, 2023-Ohio-760, ¶ 10; *State ex rel. Dix v. Angelotta*, 18 Ohio St.3d 115, 115-116 (1985) (mandamus may not be used as a substitute for direct appeal to enforce the right to a speedy trial). In fact, Shepherd filed a direct appeal in 2003, wherein speedy trial issues were raised and found to lack merit. *State v. Shepherd*, 2004-Ohio-5306, ¶ 10-17 (11th Dist.).

{¶8} For the foregoing reasons, Shepherd's Complaint for Writs of Prohibition and Mandamus is dismissed. Costs to be taxed against relator.

EUGENE A. LUCCI, P.J., MATT LYNCH, J., JOHN J. EKLUND, J., concur.

Case No. 2024-A-0043