[Cite as *State ex rel. Anderson v. Warren Bd. of Health Dept.*, 2024-Ohio-4627.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE ex rel.
BRIAN L. ANDERSON,

   Relator,

  - vs -

THE CITY OF WARREN
BOARD OF HEALTH DEPARTMENT,

   Respondent.

CASE NO. 2024-T-0062

Original Action for Writ of Mandamus or Prohibition

---

**P E R  C U R I A M**
**O P I N I O N**

Decided: September 23, 2024
Judgment: Petition dismissed

---

*Brian L. Anderson*, pro se, PID# A796-871, Noble Correctional Institution, 15708 McConnelsville Road, Caldwell, OH 43724 (Relator).

*Enzo Cantalamessa*, Warren City Law Director, and *James E. Sanders*, Deputy Law Director, 391 Mahoning Avenue, N.W., Warren, OH 44483 (For Respondent).

PER CURIAM.

{¶1} On August 1, 2024, Relator, Brian Anderson, filed an "Emergency Motion for Writ of Mandamus or Prohibition" in this Court. Relator's filing references Warren Municipal Court Case No. 2024 CRB 001251, which was a property maintenance case filed against Betty J. Anderson. Apparently, Relator's filing seeks a writ of prohibition in reference to that case and also references unspecified public records requests.

{¶2} Respondent was successfully served with the petition and this Court issued an alternative writ instructing respondent to move, plead, or otherwise respond to the petition by September 2, 2024.

{¶3} On August 26, 2024, Respondent filed a Motion to Dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. Relator has not filed a response.

{¶4} "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. "To be entitled to a writ of mandamus, the relator must be able to prove that: (1) he has a clear legal right to have a specific act performed by a public official; (2) the public official has a clear legal duty to perform that act; and (3) there is no legal remedy that could be pursued to adequately resolve the matter." *State ex rel. Vance v. Kontos,* 2014-Ohio-5080, ¶ 9 (11th Dist.).

{¶5} "A writ of prohibition is an extraordinary judicial writ issuing out of a court of superior jurisdiction and directed to an inferior tribunal commanding it to cease abusing or usurping judicial functions." *State ex rel. Jones v. Paschke*, 2021-Ohio-2889, ¶ 11 (11th Dist.), citing *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998). "The purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction." *Id.* A writ of prohibition is an extraordinary remedy and therefore to be granted with caution and restraint and only in cases of necessity arising from the inadequacy of other remedies. *Id.*

Case No. 2024-T-0062

**{¶6}** To be entitled to a writ of prohibition, a relator must establish that (1) the respondent is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Bell v. Pfeiffer,* 2012-Ohio-54, ¶ 18.

**{¶7}** "A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint." *Volbers–Klarich v. Middletown Mgt., Inc.,* 2010-Ohio-2057, ¶ 11. To grant a motion to dismiss under Civ.R. 12(B)(6), it must appear beyond doubt that the petitioner can prove no set of facts in support of the claim that would entitle him to the requested relief. *Ohio Bur. of Workers' Comp. v. McKinley,* 2011-Ohio-4432, ¶ 12.

**{¶8}** When considering a Civ.R. 12(B)(6) motion, we only review the complaint and must accept all factual allegations as true and draw all reasonable inferences in favor of the nonmoving party. *State ex rel. Talwar v. State Med. Bd. of Ohio,* 2004-Ohio-6410, ¶ 5. A court "cannot rely on evidence or allegations outside the complaint." *State ex rel. Fuqua v. Alexander,* 79 Ohio St.3d 206, 207 (1997).

**{¶9}** Respondent argues that Relator has failed to "request or set forth relief which this Court should grant." Because of this failure to request relief, Respondent asserts that Relator's complaint is insufficient and must be dismissed.

**{¶10}** We agree with Respondent. It is unclear what relief Relator's filing seeks. Granting all factual allegations as true, Relator has not sufficiently set forth his requested relief.

Case No. 2024-T-0062

{¶11} However, there is an additional, independent basis on which we dismiss Relator's filing.

{¶12} R.C. 2969.25(A) requires that "[a]t the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court."

{¶13} "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel*, 2003-Ohio-2262, ¶ 5. "[T]he affidavit required by R.C. 2969.25(A) must be filed at the time the complaint is filed, and an inmate may not cure the defect by later filings." *State ex rel. Hall v. Mohr*, 2014-Ohio-3735, ¶ 4. An original action for mandamus filed in the court of appeals is considered a "civil action" for the purposes of R.C. 2969.25(A). *State ex rel. McGrath v. McDonnell*, 2010-Ohio-4726, ¶ 3; *State ex rel. Hawk v. Athens Cty.*, 2005-Ohio-4383, ¶ 3.

{¶14} At the time Relator filed the present action, he was an inmate at the Noble Correctional Institute. Relator did not attach an affidavit to his complaint as required by R.C. 2969.25(A). This constitutes an independent basis for dismissal of Realtor's filing.

{¶15} Accordingly, Relator's "Emergency Motion for Writ of Mandamus or Prohibition" is dismissed.


MARY JANE TRAPP, J., JOHN J. EKLUND, J., ROBERT J. PATTON, J., concur.


4

Case No. 2024-T-0062