DECISION
{¶ 1} Relator, Robert T. Farley, filed this original action requesting that this court issue a writ of prohibition ordering respondents, Honorable Richard E. Parrott, Honorable James Mason, Cinda Nichols, Honorable Chief Justice Thomas Moyer, and A.C. Strip, from taking further action in his domestic relations case.
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court dismiss relator's complaint and assess costs against relator in the amount of $3,237.77. (Attached as Appendix A.) No objections to that decision have been filed, but respondent A.C. Strip filed a supplemental affidavit, which identified additional attorney fees he has incurred defending this matter.
 {¶ 3} Finding no error of law or other defect on the face of the magistrate's decision, and based upon an independent review of the record, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it, except as to the assessment of costs against relator. We remand this matter to the magistrate for a final determination of the attorney fees incurred by respondents to defend this matter. The magistrate shall limit that determination to the costs associated with the attorneys' compensation and, if governmental attorneys, fringe benefits. Relator's complaint is dismissed and this action is remanded to the magistrate for further action on the motion for sanctions consistent with our instructions.
Complaint dismissed and action remanded with instructions.
French, J., Brown, P.J., and McGrath, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
 State ex rel. Robert T. Farley, :
 Relator, :
 v. : No. 04AP-746
 Hon. Richard E. Parrott et al., : (REGULAR CALENDAR)
 Respondents. :
 MAGISTRATE'S DECISION Rendered on March 30, 2005 Robert T. Farley, pro se.
Ron O'Brien, Prosecuting Attorney, and Patrick E. Sheeran, for respondents Judges James Mason and Richard F. Parrott and Assignment Commissioner Cinda Nichols.
Jim Petro, Attorney General, and Rene L. Rimelspach, for respondent Chief Justice Thomas Moyer.
Strip, Hoppers, Leithart, McGrath Terlecky Co., L.P.A. and Jerry E.Peer, Jr., for respondent A.C. Strip, Receiver.
IN PROHIBITION
 ON MOTIONS {¶ 4} Relator, Robert T. Farley, has filed this original action requesting that this court issue a writ of prohibition ordering respondents Honorable Richard E. Parrott, Honorable James Mason, Cinda Nichols, Honorable Chief Justice Thomas Moyer, and A.C. Strip, from taking further action in his domestic relations case. Specifically, relator contends that the Honorable Chief Justice Thomas Moyer improperly assigned the Honorable Richard E. Parrott to sit, by assignment, and preside over his domestic relations case after all of the judges of the Franklin County Court of Common Pleas, Division of Domestic Relations, recused themselves from sitting on relator's case. Furthermore, relator asserts the Honorable James Mason, as the Administrative Judge of the Franklin County Court of Common Pleas, Division of Domestic Relations, did not properly follow the law in requesting that another judge be assigned and that Cinda Nichols, Assignment Commissioner, likewise failed to follow the law when Judge Parrott was assigned.
Findings of Fact:
 {¶ 5} 1. Relator has been a party to an action in the Franklin County Court of Common Pleas, Division of Domestic Relations, which has been ongoing for some time.
 {¶ 6} 2. On September 30, 2003, relator was declared a vexatious litigator pursuant to R.C. 2323.52 and was prohibited from instituting legal proceedings against his wife, her trial counsel, and/or the court-appointed receiver in any Ohio common pleas court, municipal, or Ohio county court.
 {¶ 7} 3. In an opinion rendered June 19, 2003, this court affirmed the trial court's declaration that relator is a vexatious litigator.
 {¶ 8} 4. On July 27, 2004, relator filed the within action asking that this court order respondent Chief Justice Moyer to refrain from appointing Judge Parrott to preside over his domestic relations case. Relator indicates that, all of the domestic relations court judges have recused themselves from presiding over his domestic relations matter and asserts that Chief Justice Moyer is required, by law, to appoint another judge from the general division of the Franklin County Court of Common Pleas.
 {¶ 9} 5. Relator further asserts that respondents Judge Mason and Cinda Nichols should be ordered to refrain from permitting Judge Parrott to preside over his case.
 {¶ 10} 6. Lastly, by including respondent A.C. Strip, the receiver appointed in his domestic relations case, relator seeks to prohibit Mr. Strip from taking any further action in his domestic relations case as relator contends that Mr. Strip is a "rogue lawyer and a Legal Land criminal who should be in prison, rather than preying on the public as the grave dancer that he surely is." (Relator's petition at paragraph 23.)
 {¶ 11} 7. Respondents have filed various motions seeking either to strike relator's complaint or to dismiss the matter outright.
 {¶ 12} 8. This matter was put on the magistrate's motion docket.
 {¶ 13} 9. A hearing was held on March 22, 2005 to take evidence relative to costs and attorney fees incurred by respondents in this matter.
 {¶ 14} 10. Notices were sent and relator waived his right to be present at the hearing.
 {¶ 15} 11. Counsel for respondents presented evidence and submitted affidavits in support thereof. The magistrate makes the following relevant findings relative to costs and attorney fees:
 {¶ 16} (A) Patrick E. Sheeran, Assistant Prosecuting Attorney for Franklin County, Ohio, spent a total of nine hours relative to this case; seven hours at $40.31 and two hours at $41.84 per hour. Mary Spurbeck, a clerk in Mr. Sheeran's office, spent 30 minutes at $16.56 per hour. The total attorney fees and costs expended by the office of the prosecuting attorney relative to this matter is $374.13.
 {¶ 17} (B) Rene L. Rimelspach, Assistant Attorney General, averred that her hourly rate is $27.31. Furthermore, she averred that she spent four hours preparing this matter for a total cost to the office of the Ohio Attorney General of $109.64.
 {¶ 18} (C) A.C. Strip submitted an affidavit relative to his time and the time of Jerry E. Peer, Jr., and submitted a detailed invoice tracking their time in increments of one-tenth of an hour. Pursuant to the affidavit, Mr. Peer's time was billed by the law firm at $220 per hour and Mr. Strip billed the law firm $240 per hour. The magistrate specifically finds that those hourly rates are reasonable and that the have incurred costs of $2,604 in this matter.
 {¶ 19} 12. At the hearing, Mr. Strip made an oral motion requesting that this court not only find that this action by relator was frivolous, in and of itself, but also requested that this court declare relator to be a vexatious litigator.
Conclusions of Law:
 {¶ 20} Counsel for Chief Justice Moyer has argued an alternative motion to either strike or dismiss this action by contending that, pursuant to R.C. 2323.52, the vexatious litigator statute, relator was required to make application for leave to proceed before initiating any new legal proceeding, including a legal proceeding in this court. R.C.2323.52, effective June 28, 2002, provides, in pertinent part, as follows:
(3) "Vexatious litigator" means any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions. * * *
(B) A person, the office of the attorney general, or a prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a municipal corporation who has defended against habitual and persistent vexatious conduct in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court may commence a civil action in a court of common pleas with jurisdiction over the person who allegedly engaged in the habitual and persistent vexatious conduct to have that person declared a vexatious litigator. * * *
(C) A civil action to have a person declared a vexatious litigator shall proceed as any other civil action, and the Ohio Rules of Civil Procedure apply to the action.
(D)(1) If the person alleged to be a vexatious litigator is found to be a vexatious litigator, * * * the court of common pleas may enter an order prohibiting the vexatious litigator from doing one or more of the following without first obtaining the leave of that court to proceed:
(a) Instituting legal proceedings in the court of claims or in a court of common pleas, municipal court, or county court[.]
* * *
(3) A person who is subject to an order entered pursuant to division (D)(1) of this section may not institute legal proceedings in a court of appeals, continue any legal proceedings that the vexatious litigator had instituted in a court of appeals prior to entry of the order, or make any application, other than the application for leave to proceed allowed by division (F)(2) of this section, in any legal proceedings instituted by the vexatious litigator or another person in a court of appeals without first obtaining leave of the court of appeals to proceed pursuant to division (F)(2) of this section.
(E) An order that is entered under division (D)(1) of this section shall remain in force indefinitely unless the order provides for its expiration after a specified period of time.
* * *
[F](2) A person who is subject to an order entered pursuant to division (D)(1) of this section and who seeks to institute or continue any legal proceedings in a court of appeals or to make an application, other than an application for leave to proceed under division (F)(2) of this section, in any legal proceedings in a court of appeals shall file an application for leave to proceed in the court of appeals in which the legal proceedings would be instituted or are pending. The court of appeals shall not grant a person found to be a vexatious litigator leave for the institution or continuance of, or the making of an application in, legal proceedings in the court of appeals unless the court of appeals is satisfied that the proceedings or application are not an abuse of process of the court and that there are reasonable grounds for the proceedings or application. * * *
(G) During the period of time that the order entered under division (D)(1) of this section is in force, no appeal by the person who is the subject of that order shall lie from a decision of the court of common pleas or court of appeals under division (F) of this section that denies that person leave for the institution or continuance of, or the making of an application in, legal proceedings in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court.
* * *
(I) Whenever it appears by suggestion of the parties or otherwise that a person found to be a vexatious litigator under this section has instituted, continued, or made an application in legal proceedings without obtaining leave to proceed from the appropriate court of common pleas or court of appeals to do so under division (F) of this section, the court in which the legal proceedings are pending shall dismiss the proceedings or application of the vexatious litigator.
 {¶ 21} As amended in 2002, the vexatious litigator statute now includes proceedings in the court of appeals. As indicated in the findings of fact, relator was declared to be a vexatious litigator by entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, on September 3, 2003. As such, R.C. 2323.52, as amended, applies to the instant action filed in this court. Because relator failed to seek leave of this court before pursuing this matter, as required under R.C. 2323.52(D)(3) and (F)(2), the magistrate finds that this matter should be dismissed as required by R.C. 2323.52(I).
 {¶ 22} Turning to the merits of the motions to dismiss, a writ of prohibition is an extraordinary judicial writ, the purpose of which is to restrain inferior courts and tribunals from exceeding their jurisdiction. State ex rel. Tubbs Jones v. Suster (1998), 84 Ohio St.3d 70. A writ of prohibition is customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies. Id. In order to be entitled to a writ of prohibition, relator must establish that: (1) respondents are about to exercise judicial or quasi-judicial power; (2) the exercise of the power is unauthorized by law; and (3) the denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists.State ex rel. Henry v. McMonagle (2000), 87 Ohio St.3d 543.
 {¶ 23} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545. In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. Id.
 {¶ 24} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery. O'Brien v. University Community Tenants Union (1975),42 Ohio St.2d 242. As such, a complaint for a writ of prohibition is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges that respondents are about to exercise judicial or quasi-judicial powers which are unauthorized by law, and the lack of an adequate remedy at law for relator with sufficient particularity to put the respondents on notice of the substance of the claim being asserted, and it appears that relator might prove some set of facts entitling him to relief. State ex rel.Boggs v. Springfield Local School Dist. Bd. of Edn. (1995),72 Ohio St.3d 94. For the following reasons, respondents' motions should be granted and relator's complaint should be dismissed.
 {¶ 25} Relator cites to certain Supreme Court of Ohio guidelines with regard to the assignment of judges. Those guidelines provide, in pertinent part, as follows:
1. The Ohio Constitution and the Ohio Revised Code vest the Chief Justice with the authority to make assignments in whatever circumstances the Chief Justice deems appropriate. While these Guidelines may impose specific duties upon other persons, the Chief Justice may waive compliance with any Guidelines to assist the exercise of that discretion.
2. These Guidelines are designed to provide an efficient and effective method for the temporary assignment of judges to serve in any court in Ohio established by law. They should be construed to effect those purposes.
* * *
5. Before requesting an assigned judge to replace a temporarily absent judge or a recused judge, the administrative judge shall proceed as follows:
a. The administrative judge shall attempt to arrange for another sitting judge of that court to perform the duties of the temporarily absent judge or the recused judge.
b. The administrative judge of a division of the court of common pleas shall request the presiding judge of that court of common pleas to assign a sitting judge from another division of that court to perform any unanticipated emergency duties of a temporarily absent judge if the temporarily absent judge has no hearings or trials scheduled for the time of that absence.
c. The administrative judge who requests an assigned judge may cause the sitting judge who requests a temporary replacement to satisfy this Guideline, but the administrative judge shall certify that it has been satisfied.
6. If a judge of a multiple-judge common pleas court division is disqualified pursuant to an affidavit of disqualification, the administrative judge of that division shall assign another sitting judge as provided in R.C. 2101.39 and 2701.03. In other situations, including where all judges of a court or division are disqualified, the Chief Justice shall designate an assigned judge.
 {¶ 26} Relator specifically points to paragraph 6 and asserts that, after all of the judges from the Franklin County Court of Common Pleas, Division of Domestic Relations, recused themselves from further matters involving relator's domestic relations case, respondent Chief Justice Moyer was required to determine whether or not any of the other judges sitting in the Franklin County Court of Common Pleas' general division were qualified to sit and hear the matter. For the following reasons, this magistrate disagrees.
 {¶ 27} First, the guidelines make it quite clear that Chief Justice Moyer may waive compliance with any of the guidelines in order to assist in the exercise of his discretion to make assignments in whatever circumstances he deems appropriate.
 {¶ 28} Secondly, R.C. 2701.03 provides, in pertinent part, as follows:
When a judge of the court of common pleas * * * is otherwise disqualified to sit in a cause or matter pending before the court, * * * [t]he chief justice, or any judge of the supreme court designated by him, shall pass upon the disqualification of the judge * * *. If the chief justice, or any judge of the supreme court designated by him, finds that the judge is disqualified, the court of common pleas of which the disqualified judge is a member, or the chief justice, or any judge of the supreme court designated by him, if the disqualified judge is the only judge of the court of common pleas, shall assign the cause or matter to another judge. The judge so assigned shall try the matter or cause. * * *
 {¶ 29} As the above statute provides, Chief Justice Moyer has authority to assign the cause to any other judge and there is no requirement that Chief Justice Moyer first inquire of the other members of the general division to see if they would or could sit on relator's case. As such, this matter should be dismissed as it relates to respondent Chief Justice Moyer.
 {¶ 30} Thirdly, as it relates to the respondents administrative judge and assignment commissioner, R.C. 2701.03 makes it clear that the court of common pleas itself has authority to assign the cause to another judge. As such, for the same reasons that the matter should be dismissed against Chief Justice Moyer, the matter should also be dismissed against the Honorable James Mason and Cinda Nichols.
 {¶ 31} Fourth, inasmuch as the Honorable Richard E. Parrott is properly sitting by assignment, there is no reason to prohibit him from taking action in relator's domestic relations case.
 {¶ 32} Lastly, as this matter relates to the receiver, A.C. Strip, the matter should also be dismissed. Relator has set forth no facts which would indicate that the receiver is about to exercise any judicial or quasi-judicial power and relator has other adequate remedies in the ordinary course of law to address any problems which he has with the receiver.
 {¶ 33} Because the magistrate finds that this action was frivolous and completely lacked any merit whatsoever and because the magistrate finds that this action was filed without relator having first sought leave to do so under R.C. 2323.52, the magistrate finds that the motions to dismiss should be granted. Furthermore, the magistrate finds that costs should be assessed against relator in the amount of $3,237.77.
 {¶ 34} For all the foregoing reasons, the motions of respondents should be granted and relator's complaint should be dismissed.