DECISION
{¶ 1} Relator, Robert T. Farley, filed this original action requesting that this court issue a writ of prohibition ordering respondents, Honorable Richard E. Parrott, Honorable James Mason, Cinda Nichols, Honorable Chief Justice Thomas Moyer, and A.C. Strip, from taking further action in his domestic relations case.
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ. R. 53(C) and Loc. R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court dismiss relator's complaint and assess costs against relator in the amount of $3,237.77. (Attached as Appendix A.) No objections to that decision were filed, but respondent A.C. Strip filed a supplemental affidavit, which identified additional attorney fees he had incurred.
 {¶ 3} Finding no error of law or other defect on the face of the magistrate's decision, and based upon an independent review of the evidence, this court adopted the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it, except as to the assessment of costs against relator. We remanded this matter to the magistrate for a final determination of the total amount of attorney fees incurred by respondents. We instructed the magistrate to limit that determination to the costs associated with the attorneys' compensation and, if governmental attorneys, fringe benefits.
 {¶ 4} On remand, the magistrate issued a decision, including findings of fact and conclusions of law, recommending that the court award attorney fees as follows: Patrick E. Sheeran, a total of $516.22; Rene L. Rimelspach, a total of $296; and A.C. Strip, a total of $2,894. No objections to that decision have been filed.
 {¶ 5} As noted, our previous order specified that a final determination of attorney fees was to be limited to a determination of costs associated with the attorneys' compensation and, if governmental attorneys, fringe benefits. However, the award to Mr. Sheeran includes costs associated with a secretary's compensation. Consistent with our previous decision, we will exclude those costs, which amount to $10.52.
 {¶ 6} As to all other aspects of the magistrate's decision, finding no error of law or other defect on the face of it, and based upon an independent review of the evidence, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law. Consistent with that decision, as amended above, we order relator to pay to respondents reasonable attorney fees in the following amounts:
(A) Patrick E. Sheeran, Assistant Prosecuting Attorney for Franklin County, a total of $505.70.
(B) Rene L. Rimelspach, Assistant Attorney General, a total of $296.
(C) A.C. Strip, a total of $2,894.
Magistrate's decision adopted in part, motion for sanctions granted.
French, J., Brown, P.J., and McGrath, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. Robert T. Farley, :
 Relator, :
v. : No. 04AP-746
Hon. Richard E. Parrott et al., : (REGULAR CALENDAR)
 Respondents. :

MAGISTRATE'S DECISION
Rendered on August 4, 2005
Robert T. Farley, pro se.
Ron O'Brien, Prosecuting Attorney, and Patrick E. Sheeran, for Hon. Richard E. Parrott, Hon. James Mason, and Cinda Nichols.
Jim Petro, Attorney General, and Rene L. Rimelspach, for respondent Hon. Chief Justice Thomas Moyer.
Strip, Hoppers, Leithart, McGrath Terlecky Co., L.P.A., andJerry E. Peer, Jr., for respondent A.C. Strip.
 IN PROHIBITION {¶ 7} Pursuant to this court's decision in State ex rel. Farley v.Parrott, Franklin App. No. 04AP-746, 2005-Ohio-3566, this matter has been referred to the magistrate to determine the amount of attorney fees payable in this action.
Findings of Fact:
 {¶ 8} 1. On July 27, 2004, relator, Robert T. Farley, filed this original action requesting that this court issue a writ of prohibition ordering respondents Honorable Richard E. Parrott, Honorable James Mason, Cinda Nichols, Honorable Chief Justice Thomas Moyer, and A.C. Strip, from taking further action in his domestic relations case.
 {¶ 9} 2. Respondents filed various motions seeking either to strike relator's complaint or to dismiss the matter outright.
 {¶ 10} 3. A hearing was held on March 22, 2005, to consider the motions and take evidence relative to costs and attorney fees incurred by respondents in this matter.
 {¶ 11} 4. Notices were sent and relator waived his right to be present at the hearing.
 {¶ 12} 5. Counsel for respondents presented evidence and submitted affidavits in support thereof, and the magistrate made certain findings relative to costs and attorney fees. Further, the magistrate found that relator's action was frivolous and completely lacked any merit, was filed without relator having first sought leave to do so under R.C. 2323.52, and the magistrate found that the motions to dismiss should be granted.
 {¶ 13} 6. On July 14, 2005, this court rendered a decision adopting the magistrate's decision, dismissing relator's complaint, but remanding the matter to the magistrate for final determination of the attorney fees incurred by respondents to defend the matter due to the filing of affidavits relative to attorney fees filed after the magistrate's hearing on March 22, 2005.
 {¶ 14} 7. On July 27, 2005, Patrick E. Sheeran, Assistant Prosecuting Attorney for Franklin County, Ohio, submitted a supplemental affidavit relative to all of the attorney fees and fringe benefits due solely relative to his participation in this case. Mr. Sheeran averred that his hourly rate of pay was $40.31 per hour for seven hours of work on this case and $41.84 per hour for the remaining two hours. Mr. Sheeran averred that the total attorney fees incurred relative to his participation in this case was $516.22. Rene L. Rimelspach, Assistant Attorney General, filed a supplemental affidavit on March 24, 2005, relative to the total amount of hours and attorney fees incurred due solely to her representation in this entire matter. Ms. Rimelspach averred that she spent a total of eight hours preparing this matter and attending the hearing, and that her hourly rate was $27.41 per hour plus 35 percent additional for benefits for a total hourly rate of $37. As such, pursuant to her affidavit, Ms. Rimelspach avers that her attorney fees, including benefits, amounts to $296.
 {¶ 15} 8. In addition to the evidence previously submitted relative to attorney fees, respondent Strip has supplied two additional affidavits. In his March 31, 2005 affidavit, respondent Strip asserts that he "has incurred additional fees for preparing for and attending the March 22, 2005 Hearing and in the preparation of his Post Hearing Brief in the amount of $2,560.00." Respondent Strip filed an additional affidavit, after the magistrate put on an order requesting that counsel for respondents submit evidence of attorney fees incurred after the March 22, 2005 hearing alleging that he "has incurred additional fees as a direct result of this action in the amount of $388.00." Respondent's previous affidavit, filed March 22, 2005, indicated that Mr. Strip and his associate, Jerry E. Peer, Jr., had incurred attorney fees in the amount of $2,604, representing work done from July 22, 2004 through March 16, 2005.
 {¶ 16} 9. Upon review of the evidentiary matters submitted by counsel for respondents, the magistrate specifically makes the following findings:
 {¶ 17} (A) Patrick E. Sheeran, Assistant Prosecuting Attorney for Franklin County, Ohio, is entitled to an award of attorney fees in the amount of $516.22.
 {¶ 18} (B) Rene L. Rimelspach, Assistant Attorney General, is entitled to a total award of attorney fees in the amount of $296.
 {¶ 19} (C) Pursuant to Mr. Strip's original March 22, 2005 affidavit, the magistrate finds that Mr. Peer's time was billed by the law firm at $220 per hour and Mr. Strip billed the law firm at $240 per hour. The magistrate specifically finds that those hourly rates are reasonable. Mr. Strip's March 22, 2005 affidavit detailed time spent by counsel relative to this case from July 22, 2004 through March 16, 2005, and provided a detailed description of all those fees. Pursuant to the March 22, 2005 affidavit, the magistrate finds that Mr. Strip is entitled to $2,604 for fees incurred through March 16, 2005. Mr. Strip submitted a March 31, 2005 affidavit, which did not include a detailed description of hours or expenses, seeking attorney fees in the amount of $2,560, and a July 26, 2005 affidavit requesting additional fees in the amount of $388. As such, Mr. Strip is requesting an additional award of attorney fees, beyond the $2,604 already found proper in this case, in the amount of $2,948. The magistrate finds that this amount is unreasonable in light of the fact that it was Mr. Strip who raised the issue which necessitated the filing of post-hearing briefs in this matter. Inasmuch as attorneys Sheeran and Rimelspach have asked for not more than an additional four hours relative to their attendance at the hearing and their preparation of post-hearing briefs, and because Mr. Strip failed to itemize his request, this magistrate concludes that it would be reasonable to pay Mr. Strip an additional award of $960 which represents four hours of his time at his billable rate of $240 per hour. As such, the magistrate finds that Mr. Strip is entitled to a total award of attorney fees in the amount of $2,894.
Conclusions of Law:
 {¶ 20} Based on the foregoing, the magistrate finds that it is reasonable that this court award attorney fees in this matter as follows:
 {¶ 21} (A) Patrick E. Sheeran, Assistant Prosecuting Attorney for Franklin County, Ohio, a total of $516.22.
 {¶ 22} (B) Rene L. Rimelspach, Assistant Attorney General, a total of $296.
 {¶ 23} (C) A.C. Strip, a total of $2,894.