This is an appeal from an order of Juvenile Court Judge John W. Gallagher awarding Petitioner-appellee Jeanette Travis $84,285.58 in back child support for her son, Maurice Thompson. Respondent-appellant Annie Thompson, Administratrix of the Estate of Daniel Thompson, Jr., contends that the judge did not have jurisdiction to enter any award because Travis did not present the claim to the probate estate within one year of Daniel Thompson's death as required by R.C. 2117.06 and erred in denying her motion to dismiss. While we agree that R.C. 2117.06 mandates judgment in favor of Ms. Thompson, we find that R.C. 2117.06 is a statute of limitations, not one defining subject-matter jurisdiction. We reverse and enter judgment for Mrs. Thompson, Administratrix.
The record provides the following statement of the evidence and proceedings pursuant to App.R. 9(C):
 1. On October 6, 1997, Daniel Thompson, Jr. (hereinafter Daniel Thompson), the original Defendant herein, appeared in open court and, through his counsel, admitted to being the father of the Plaintiff, Maurice Thompson, who is the son of the Relator, Jeanette Travis.
 2. Pursuant to the recommendation of the Magistrate, the Court found on December 3, 1997 that Daniel Thompson is the father of Maurice Thompson, born November 16, 1981, and found the Parent-Child Relationship to be established, and ordered child support in the amount of [$]123.19 per week beginning October 24, 1997.
 3. On May 21, 1998, the original Defendant, Daniel Thompson, died before [the juvenile court] determined the amount of past support due Relators or entered a judgment therefore.
 4. On July 8, 1998, Annie L. Thompson, the surviving spouse of Daniel Thompson, filed an application to relieve the estate of Daniel Thompson from administration in the Probate Court of Cuyahoga County. This case was assigned Case No. 1998 EST 0007788. Attached to this Application was a Probate Form 1.0A, Surviving Spouse, Next of Kin, Legatees and Devisees, signed by Annie Thompson, which listed the surviving spouse and two adult children, but omitted the name of Maurice Thompson. On July 8, 1998, the Probate Court of Cuyahoga County entered an Entry Relieving Estate from Administration for the Estate of Daniel Thompson, ordering a Certificate of Transfer for the transfer of certain real property to the surviving spouse.
 5. On November 19, 1998, on the [m]otion of Jeanette Travis to vacate the judgment relieving the Estate of Daniel Thompson from Administration, the Probate Court found that proper notice had not been given to Maurice Thompson, Next of Kin, and granted the Motion to Vacate Judgment.
 6. On September 9, 1999 Jeanette Thompson filed her Application for authority to administer the estate of Daniel Thompson, Deceased, and the Probate Court appointed her Administratrix on the same date. No fiduciary was appointed for the Estate of Daniel Thompson before September 9, 1999.
 7. Subsequently, Jeanette Thompson, Administratrix of the Estate of Daniel Thompson, was substituted as defendant in this case on the motion of the Relators.
 8. On November 5, 1999, Jeanette Thompson, Administratrix, filed a motion to dismiss this case, arguing that the Juvenile Court had no authority to consider the issue of past support owed to the Relators because the Relators did not present a claim to the Executor or Administrator of the Estate of Daniel Thompson within one year of the death of Daniel Thompson, as required by Ohio Revised Code S2117.06. No administrator or executor was appointed until September 9, 1999 more than one year after the decedent's death on May 21, 1998.
 9. At a hearing on the Motion to Dismiss on January 27, 2000, Magistrate Wayne E. Strunk indicated that he would overrule the Motion to Dismiss because the act of Annie Thompson, the surviving spouse of Daniel Thompson, in filing an application to relieve the estate of Daniel Thompson from administration without disclosing Relator Maurice Thompson as the decedent's next of kin tolled the running of the one-year period for presenting claims against the estate until the order relieving the estate from administration was vacated. However, this ruling was not set forth in a Magistrate's order. The Magistrate's order, entered on February 10, 2000, did not mention the overruling of the motion but merely said, Case is set for further hearing to determine final disposition on 5-23-00 at 1:30 p.m.
 [10]. Defendant Annie Thompson, Administratrix, objected to the Magistrate's order of February 10, 2000. On March 30, 2000, Judge John W. Gallagher overruled the objections and confirmed, approved and adopted the Magistrate's decision.
 [11]. At a hearing on June 28, 2000, evidence was presented to the Court that the support obligation of Daniel Thompson to the Relators for past support was $84,285.58. On July 5, 2000, judgment was entered against the Estate of Daniel Thompson in favor of the Relator Jeanette Travis in the sum of $84,285.58.
We also note that on July 9, 1998, one day after Mrs. Thompson filed the application to relieve the estate from administration with the probate court, Mr. Powers, the late Daniel Thompson's lawyer in the juvenile court action, filed a Motion to Dismiss on the Presumption of Death and attached a copy of the death certificate with a proof of service. Contrary to Civ.R. 25, the juvenile court action was not dismissed, despite the fact that no one filed a motion for substitution until September 1999. Under Perry v. Eagle-Picher Industries Inc. (1990), 52 Ohio St.3d 168, 556 N.E.2d 484 when no motion to substitute Thompson's personal representative as defendant in the pending juvenile court action was filed within ninety days after his death was suggested on the record, there was no opposing party over which the court has personal jurisdiction and Civ.R. 25 mandated dismissal.
The single assignment of error states:
 THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT APPELLANT'S MOTION TO DISMISS BECAUSE THE TRIAL COURT LOST JURISDICTION OVER THE CASE ONE YEAR AFTER THE DEATH OF DANIEL THOMPSON.
Mrs. Thompson contends she was appointed administratrix of Thompson's estate on September 9, 1999, over sixteen months after his death, and that Ms. Travis is, therefore, forever barred from any claim of past support because she did not properly present that claim to an executor or administrator of the estate within one year of the death as is required under R.C. 2117.06(C).
Ms. Travis, however, contends that Mrs. Thompson had asked the probate court to relieve the estate from administration, did not list her son as an heir, and failed to notify them that an estate had been opened. She claims that the October 23, 1998 probate court motion to vacate the application to relieve the estate from administration, setting forth the claim of child support arrearages and filed five months after Thompson's death, satisfied the presentment of claim required under R.C. 2117.06.
This court recently outlined the standard of review for a motion to dismiss based upon Civ.R. 12(B)(1):
 When determining its subject-matter jurisdiction pursuant to a Civ.R. 12(B)(1) motion to dismiss, a judge is not confined to the allegations contained in the complaint and may consider material pertinent to such inquiry without converting the motion into one for summary judgment. Southgate Development Corp. v. Columbia Gas Transmission Corp. (1976), 48 Ohio St.2d 211, 358 N.E.2d 526, paragraph one of the syllabus. This court reviews that legal determination de novo, without any deference to the conclusion of the judge, McClure v. McClure(1997), 119 Ohio App.3d 76, 79, 694 N.E.2d 515, and applies the same standard of review used by the federal courts when ruling upon a Fed.R.Civ.R. 12(b) (1) motion. [A] trial court may dismiss a complaint for lack of jurisdiction over subject matter on the basis of (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. Tibbs v. Kendrick (1994), 93 Ohio App.3d 35, 39-40, 637 N.E.2d 397.
Subject matter jurisdiction does not relate to the rights of the parties; rather, it refers to the power of a court to hear and decide a case on the merits. State ex rel. Jones v. Suster (1998), 84 Ohio St.3d 70,75, 701 N.E.2d 1002, 1006-1007. R.C. 2141.23(B)(4) confers original jurisdiction upon a juvenile court to hear and determine an application for an order for the support of a child.
In contrast, the expiration of a statute of limitations is an affirmative defense that may deprive a plaintiff of a right to recover, but it does not extinguish the jurisdiction of the court over the subject matter. Jones, 84 Ohio St.3d at 75, 701 N.E.2d at 1007. R.C. 2117.06
contains a limitation period in which one can bring a claim against an estate:
 (A) All creditors having claims against an estate, including claims arising out of contract, out of tort, on cognovit notes, or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated, shall present their claims in one of the following manners:
(1) To the executor or administrator in a writing;
 (2) To the executor or administrator in a writing, and to the probate court by filing a copy of the writing with it; (3) In a writing that is sent by ordinary mail addressed to the decedent and that is actually received by the executor or administrator within the appropriate time specified in division (B) of this section. For purposes of this division, if an executor or administrator is not a natural person, the writing shall be considered as being actually received by the executor or administrator only if the person charged with the primary responsibility of administering the estate of the decedent actually receives the writing within the appropriate time specified in division (B) of this section.
(B) All claims shall be presented within one year after the death of the decedent, whether or not the estate is released from administration or an executor or administrator is appointed during that one-year period.
Every claim presented shall set forth the claimant's address.
 (C) A claim that is not presented within one year after the death of the decedent shall be forever barred as to all parties, including, but not limited to, devisees, legatees, and distributees. No payment shall be made on the claim and no action shall be maintained on the claim, except as otherwise provided in sections 2117.37 to 2117.42 of the Revised Code, with reference to contingent claims.
While Mrs. Thompson challenges subject matter jurisdiction, we read this assignment of error to challenge the judgment based upon the expiration of the limitation period. We note that a copy of Ms. Travis's October 23, 1998 motion to vacate the judgment of the Probate Court regarding the application to relieve the estate from administration specifically notifies this Honorable Court that she has a claim against the estate in the amount of $97,000 which represents past child support for her child[,] Maurice Thompson (DOB 11/16/81). While this pleading was filed and a copy issued to Mrs. Thompson's personal lawyer within one year of Thompson's death, it does not satisfy R.C. 2117.06(A) and (B).
The language in division (B) is mandatory, requiring presentment through one of the three manners set forth in division (A) within a year whether or not the estate is released from administration or an executor or administrator is appointed during that one-year period. R.C. 2113.15
softens the possible effect upon a creditor and allows the probate court to appoint a special administrator[w]hen there is delay granting letters testamentary or of administration * * *. Travis knew of Thompson's death by July 9, 1998, knew in October of 1998 that no estate had been opened or legal representative of the decedent appointed and yet made no attempt at any time to have a special administrator appointed and timely substituted in the juvenile court action or to receive timely presentment of her claim.
Putting aside the question of lack of personal jurisdiction under Civ.R. 25, if we assume, arguendo, that the juvenile court was not deprived of jurisdiction over the claim for past child support, the evidence shows that Ms. Travis did not comply with the notice requirement of R.C. 2117.06 and her claim was time barred.
Judgment reversed and judgment entered in favor of Mrs. Thompson, Administratrix.
It is ordered that the appellant recover from the appellees her costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Juvenile Court Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________ ANNE L. KILBANE, JUDGE:
DIANE KARPINSKI, ADMIN. JUDGE, and JAMES D. SWEENEY, J., CONCUR.