DECISION
{¶ 1} Relator, Augustine B. Krukrubo ("relator"), commenced this original action requesting that this court issue a writ of prohibition ordering respondents, Judge *Page 2 
Patrick E. Sheeran ("Judge Sheeran"), Bayview Loan Servicing LLC ("Bayview"), and Beverlee Sokol ("Sokol"), from conducting further proceedings in case No. 06CVE-03-3865, an action in foreclosure in the Franklin County Court of Common Pleas. Judge Sheeran filed a motion to dismiss or, in the alternative, for summary judgment.
 {¶ 2} Pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate noted that a writ of prohibition is an extraordinary writ, the purpose of which is to restrain inferior courts and tribunals from exceeding their jurisdiction. Because Bayview and Sokol are not a court, the magistrate found that dismissing Bayview and Sokol was warranted.
 {¶ 3} With regard to Judge Sheeran's motion, the magistrate found that relator's complaint failed to indicate why Judge Sheeran patently and unambiguously lacked jurisdiction over the underlying foreclosure action. The magistrate further noted that relator had failed to appeal any of the decisions and entries rendered by Judge Sheeran in the trial court, and correctly determined that a writ of prohibition is not a substitute for appeal. Consequently, the magistrate concluded that a writ of prohibition cannot be granted against Bayview or Sokol and that the motion of Judge Sheeran should be granted because relator has, or had, adequate remedies of law available to him.
 {¶ 4} No objections have been filed to the magistrate's decision.
 {¶ 5} On September 24, 2007, relator filed a document entitled, "Notice of Lack of Service of Process." Therein, he notified the court that he has not received any objections to the magistrate's decision. Relator attached to his notice an affidavit in which he avers, inter alia, that he "was never served any process or papers on the Objection *Page 3 
filed in this action by any party, wherefore I was denied the right torespond to the Objection, and consequently also denied my Due Processand Constitutional rights in this action, in the event that this court considers the Objection by only one party in this action." (Emphasis sic.) (Affidavit of Relator, ¶ 8.)
 {¶ 6} It is clear that the reason relator did not receive service of any objections to the magistrate's decision is that no party has filed any objections. Therefore, we are not considering any objections or other additional arguments by respondents, and, accordingly, relator's constitutional right to due process is not abridged by our review.
 {¶ 7} Our review is governed by Civ.R. 53(D)(4)(c), which provides, "[i]f no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision."
 {¶ 8} Following an independent review thereof, we find no error of law or other defect on the face of the magistrate's decision. We adopt the magistrate's decision as our own, including the findings of fact and conclusions of law therein. In accordance with the magistrate's decision, respondent Judge Sheeran's motion to dismiss is hereby granted, and this action is dismissed as to all parties.
Motion to dismiss granted; action dismissed.
 BRYANT and BRYANT, JJ., concur.
BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 4 
 APPENDIX A MAGISTRATE'S DECISION IN PROHIBITION[1] ON MOTION TO DISMISS OR SUMMARY JUDGMENT {¶ 9} Relator, Augustine B. Krukrubo, has filed this original action requesting that this court issue a writ of prohibition ordering respondents Judge Patrick E. Sheeran *Page 5 
("Judge Sheeran"), Bayview Loan Servicing LLC ("Bayview"), and Beverlee Sokol ("Sokol") from conducting further proceedings in case number 06CVE-03-3865, an action in foreclosure in the Franklin County Court of Common Pleas. Judge Sheeran has filed a motion to dismiss or, in the alternative, for summary judgment.
Findings of Fact: {¶ 10} 1. In March 2006, Bayview filed an action in foreclosure in the Franklin County Court of Common Pleas. The subject property was owned by Krukrubo.
 {¶ 11} 2. On April 27, 2006, Krukrubo filed his answer.
 {¶ 12} 3. On August 4, 2006, Bayview filed a motion for summary judgment.
 {¶ 13} 4. On August 8, 2006, Krukrubo sought leave to amend his answer and to join additional parties.
 {¶ 14} 5. On December 4, 2006, summary judgment was granted against Krukrubo. Specifically, the trial court determined that Bayview had established every element of its claims on both the note and mortgage while Krukrubo failed to present any evidence in response. Further, the trial court denied Krukrubo's motions as moot.
 {¶ 15} 6. On December 22, 2006, Krukrubo filed a motion for relief from judgment pursuant to Civ.R. 60(B). Krukrubo made numerous allegations against Bayview and Sokol asserting willful and deliberate fraud and misrepresentations. Further, Krukrubo asserted that he had not received the answer that Sokol had filed in the underlying case. For those reasons, Krukrubo asserted that the trial court should vacate the December 4, 2006 judgment and grant his motions to amend and join other parties. *Page 6 
 {¶ 16} 7. On January 8, 2007, the trial court's judgment entry granting foreclosure was filed.
 {¶ 17} 8. On April 11, 2007, the trial court issued its decision and entry overruling Krukrubo's motion for relief from judgment.
 {¶ 18} 9. Krukrubo has not appealed from the April 11, 2007 entry of the trial court.
 {¶ 19} 10. On April 19, 2007, Krukrubo filed this action seeking to prohibit Judge Sheeran from proceeding further in the foreclosure action. Krukrubo also requests that Bayview and Sokol be prohibited from taking any further action against him.
 {¶ 20} 11. On May 31, 2007, Judge Sheeran filed a motion to dismiss or, in the alternative, for summary judgment.
 {¶ 21} 12. On June 22, 2007, Krukrubo filed a motion opposing Judge Sheeran's motion.
 {¶ 22} 13. The matter is currently before the magistrate upon the motion of Judge Sheeran and Krukrubo's motion opposing same.
Conclusions of Law: {¶ 23} For the reasons that follow, it is this magistrate's conclusion that this court should grant respondent's motion to dismiss.
 {¶ 24} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545. In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. Id. *Page 7 
 {¶ 25} A writ of prohibition is an extraordinary judicial writ, the purpose of which is to restrain inferior courts and tribunals from exceeding their jurisdiction. State ex rel. Tubbs Jones v. Suster
(1998), 84 Ohio St.3d 70. A writ of prohibition is customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies. Id. In order to be entitled to a writ of prohibition, relator must establish that: (1) respondent is about to exercise judicial or quasi-judicial powers; (2) the exercise of the power is unauthorized by law; and (3) the denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. State ex rel. Henry v. McMonagle (2000),87 Ohio St.3d 543.
 {¶ 26} First, the magistrate notes that Krukrubo's prohibition action is also filed against Bayview and Sokol. Because neither of those respondents is a court, a writ of prohibition cannot issue against them. As such, dismissing Bayview and Sokol is warranted.
 {¶ 27} With regard to Judge Sheeran, Krukrubo's complaint fails to indicate why Judge Sheeran patently and unambiguously lacks jurisdiction over the underlying foreclosure action. Further, Krukrubo failed to appeal from the decisions and entries of the trial court specifically granting summary judgment in favor of Bayview and Sokol and denying his motion for relief from judgment. A writ of prohibition is not a substitute for an appeal. Tubbs Jones.
 {¶ 28} In this prohibition action, Krukrubo continues to make the same arguments he made in the trial court. Specifically, Krukrubo asserts that Bayview and Sokol have committed various intentional torts against him and engaged in various acts of fraud concerning the property and mortgages which are the subject of the foreclosure action. *Page 8 
Those claims can be brought in a separate action by Krukrubo. As such, it is clear that Krukrubo has an adequate remedy in the ordinary course of the law. Further, Krukrubo failed to oppose the motion for summary judgment which had been filed in the trial court by Bayview. Instead, relator pursued other legal avenues. Krukrubo cannot use this request for a writ of prohibition to relieve him from judgment in the face of his failure to adequately protect his interests in the proceedings below.
 {¶ 29} Based on the foregoing, it is this magistrate's conclusion that Krukrubo's complaint fails to set forth a claim upon which relief in prohibition can be granted as Krukrubo has not set forth facts demonstrating that Judge Sheeran is about to exercise power in the underlying foreclosure action which is unauthorized by law and for which Krukrubo has or had no other adequate remedies in the ordinary course of the law. Further, prohibition clearly does not lie to prohibit Bayview or Sokol since a writ of prohibition can only be granted against courts and other tribunals. As such, it is this magistrate's conclusion that this court should grant the motion of Judge Sheeran to dismiss Krukrubo's action.
STEPHANIE BISCA BROOKS MAGISTRATE
[1] The nature of this case was incorrectly denominated as being "in mandamus" in the original magistrate's decision rendered July 30, 2007. *Page 1