DECISION
{¶ 1} Relator, Yvonne D. Lewis, filed this original action requesting that this court issue a writ of prohibition ordering respondent, The Honorable Lawrence A. Belskis, Judge of the Franklin County Court of Common Pleas, Probate Division, to refrain from affirming the sale of real property. *Page 2 
 {¶ 2} This court referred this matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court deny the requested writ. (Attached as Appendix A.)
 {¶ 3} Relator filed objections, which appear to raise the same issues relator raised before the magistrate. However, we agree with the magistrate's analysis and resolution of these issues. Therefore, we overrule relator's objections.
 {¶ 4} In addition, we overrule relator's September 13, 2007 motion invoking an automatic bankruptcy stay in this matter based on a bankruptcy petition recently filed by relator's husband. The automatic stay under Section 362(a), Title 11, U.S. Code, applies only to actions "against the debtor." Even if we accept, arguendo, relator's contention that her husband has a dower interest in property at issue in the underlying action in probate court, the present original action was initiated by relator in this court and thus is not an action "against" the debtor or his property.
 {¶ 5} Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, the requested writ is denied, and any pending motions are denied.
Objections overruled, writ of prohibition denied; motions denied.
 BROWN and KLATT, JJ., concur. *Page 3 
 APPENDIX A MAGSTRATE'S DECISION Rendered August 6, 2007 IN PROHIBITION ON MOTIONS AND MERITS {¶ 6} Relator, Yvonne D. Lewis, has filed this original action requesting that this court issue a writ of prohibition ordering respondent, The Honorable Lawrence A. Belskis, Judge of the Franklin County Court of Common Pleas, Probate Division, to refrain from affirming the sale of real property located at 1910 Argyle Drive, Columbus, Ohio. *Page 4 
Findings of Fact: {¶ 7} 1. On January 5, 2007, relator filed the instant prohibition action in an effort to stop respondent from affirming the sale of a real property located at 1910 Argyle Drive, Columbus, Ohio.
 {¶ 8} 2. At that time, relator sought an "emergency stay" pending this court's determination of the matter.
 {¶ 9} 3. The magistrate denied that motion for stay and subsequent motions for stay filed by relator.
 {¶ 10} 4. The subject property, 1910 Argyle Drive, Columbus, Ohio, has been the subject of the following action which has been pending in the probate court for some time:
 In the Matter of the Estate of Dorothy J. Davis Case No. 501845A
 {¶ 11} 5. On June 29, 2004, the administrator, WWA of The Estate of Dorothy J. Davis, filed a complaint to sell the subject property.
 {¶ 12} 6. Thereafter, relator and her husband, Sidney Lewis, have filed numerous motions and actions in various courts in an effort to prevent respondent from selling the subject property.
 {¶ 13} 7. In a decision filed August 23, 2005, respondent affirmed the decision of the magistrate and specifically found that Michael Davis, an heir to the above estate, did not transfer his interest in the subject property to Sidney Lewis because, at the time of the attempted transfer, Michael Davis did not have title to the property. Furthermore, *Page 5 
the probate court determined, at the same time, that relator did not have a dower interest in the subject property.
 {¶ 14} 8. Respondent proceeded with the sale of the subject property.
 {¶ 15} 9. Relator has filed an amended motion for stay based upon relator's claim to an interest in the subject property.
 {¶ 16} 10. The matter is currently before the magistrate on relator's motions and merits of the action.
Conclusions of Law: {¶ 17} A writ of prohibition is an extraordinary judicial writ, the purpose of which is to restrain inferior courts and tribunals from exceeding their jurisdiction. State ex rel. Tubbs Jones v. Suster
(1998), 84 Ohio St.3d 70. A writ of prohibition is customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies. Id. In order to be entitled to a writ of prohibition, relator must establish that: (1) respondent is about to exercise judicial or quasi-judicial powers; (2) the exercise of the power is unauthorized by law; and (3) the denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. State ex rel. Henry v. McMonagle (2000),87 Ohio St.3d 543.
 {¶ 18} Relator seeks a writ of prohibition ordering respondent, as a judge of probate court, to refrain from affirming the sale of the subject property on the following two grounds: (1) relator possesses a dower interest in the subject property to her husband, Sidney Lewis, and (2) the probate court cannot take action due to relator's pending bankruptcy filed in Federal Court. For the reasons that follow, it is this *Page 6 
magistrate's conclusion that relator has not demonstrated that she is or was entitled to a writ of prohibition in the instant case.
 {¶ 19} First, as noted in the findings of fact, the probate court already determined that Michael Davis did not transfer his interest in the subject property to relator's husband, Sidney Lewis, because, at the time of the attempted transfer, Michael Davis did not have title to the property. As such, the probate court already determined that relator did not have a dower interest in the subject property. Any challenge to that ruling would be by way of an appeal from the trial court's decision, arguably by relator's husband. As such, the magistrate finds that there is or was an adequate remedy in the ordinary course of the law and, for that reason, relator cannot succeed in this prohibition action.
 {¶ 20} Second, relator argues that the probate court proceedings are stayed by virtue of her pending bankruptcy. Relator and her husband have filed several actions in this court concerning various aspects of their filing of bankruptcy. This court can take judicial notice of the fact that relator was granted a discharge under Section 727, Title 11, U.S. Code on February 21, 2006. As such, any stay that may have been in effect was no longer in effect and would not affect the proceedings in the probate court.
 {¶ 21} The magistrate hereby denies any pending motions which relator has filed in the instant case. A review of those motions demonstrates that they are largely unintelligible and not grounded in law. Further, because the magistrate finds that relator and/or her husband had a right to an appeal from the probate court's decision that Sidney Lewis did not have any interest in the subject property and, as a consequence, relator did not possess a dower interest in that property, relator cannot demonstrate that *Page 7 
she is or was entitled to a writ of prohibition in the instant case. Also, since relator was granted a discharge in her bankruptcy action, any stay which may have had an effect on the probate court's determination in the instant matter had been lifted and the probate court had the authority to act on the within matter. Therefore, this court should deny relator's request for a writ of prohibition. *Page 1